W. H. HEATON v. A. E. WILSON and RICHARD WILLIAMS.

(Decided December 6, 1898).

### *Parties—Partners.*

1. It is the general rule that in all suits relating to a partnership, all the partners are necessary parties, plaintiff or defendant.
2. Defect of parties in such case may be taken advantage of by demurrer, motion in arrest of judgment, or upon the general issue.

CIVIL ACTION, with claim and delivery for personal property, tried before *Starbuck, J.*, and a jury at Spring Term, 1898, of MITCHELL Superior Court.

The action was brought in the name of W. H. Heaton alone for a lot of birch logs, 18 in number.

There was evidence tending to show that the property belonged to Heaton and W. W. Avery as partners, as tenants in common

In this connection, his Honor charged: "And if the relationship between Avery and plaintiff was that of partners in the transaction, then plaintiff and Avery are owners of the logs, and the fact that Avery is not a party would not prevent plaintiff from recovering possession of the logs in this action, and you should answer "Yes" as to the number of logs, which you may find were severed by plaintiffs and taken possession of by defendants."

To this instruction defendants excepted.

Verdict and judgment for plaintiff. Appeal by defendants.

*Messrs. S. J. Ervin, W. C. Newland* and *T. A. Love,* for defendants (appellants).

No counsel *contra.*

MONTGOMERY, J.: This was an action brought by the plaintiff Heaton against the defendants for the recovery of certain personal property (18 figured birch logs) specified in the complaint. On the trial there was evidence going to show that Heaton was not the sole owner of the property, but that it belonged to him and W. W. Avery as partners or tenants in common. In this connection his Honor instructed the jury that "If the relationship between Avery and the plaintiff was that of partners in the transaction, then the plaintiff and Avery are owners of the logs, and the fact that Avery is not a party would not prevent the plaintiff from recovering possession of the logs in this action and you should answer 'yes' as to the number of logs which you may find were severed by plaintiff and taken possession of by defendants."

There was error in the instruction. The plaintiff under that charge got all of the logs, the whole of the personal property sued for (the value thereof, as the defendants had converted them) and if he was a partner he got more than he was entitled to. The objection could have been taken advantage of by demurrer, or by motion in arrest of judgment, or upon the general issue as was done here. *Cain* v. *Cain*, 50 N. C., 282. It is said in *Holmes* v. *Godwin*, 69 N. C., 467, that the old action of replevin is but a shorter name for the action of claim and delivery. And one of several tenants in common could not maintain an action of replevin. *Cain* v. *Cain*, *supra*; *Heart* v. *Fitzgerald*, 2 Mass., 509. Certainly it is the general rule that in all suits relating to a partnership all the partners are necessary parties, either as plaintiff or defendant. *Bank* v. *Railway*, 11 Wall., 628; *McCaig* v. *Helt*, 42 Md., 231; *Dunham* v. *Bistehoff*, 47 Ind., 214.

There are other and more important questions in-volved in this appeal, but we have concluded for satis-factory reasons to make no decision upon them at this time. For the error pointed out there must be a new trial.

New trial.