VAUGHAN & BARNES AND MOSELEY BROTHERS v. J. R. DAVENPORT.

(Filed 22 November, 1911.)

**Parties — Contracts—Assignment—Persons Interested—Interpretation of Statutes.**

The vendee under a contract for the sale and delivery of cotton cannot maintain an action thereon when it uncontradictedly appears from his own evidence that he has assigned the contract to a third person, not a party to the action, and has no further interest therein. Revisal, sec. 400.

APPEAL by defendant from *Ferguson, J.,* at March Term, 1911, of PITT.

*Jacob Battle and Moore & Long for plaintiffs.*
*Aycock & Winston and F. L. James & Son for defendant.*

CLARK, C. J. In 1909 the defendant entered into a contract with Moseley Brothers to deliver to them 100 bales of merchantable cotton at the warehouse in Pactolus under the terms of the contract which is set out in the record. Thereafter

Moseley Brothers transferred and assigned the contract to Vaughan & Barnes. This action is brought by them jointly to recover damages by reason of the failure of the defendant to comply with this contract.

The plaintiffs put in evidence a letter from Vaughan & Barnes, dated 22 November, 1909, in which they notified the defendant that they had sold said cotton to Messrs. Hogan & Co., cotton buyers and exporters, and added: "We want to know by return mail what you propose to do in order that we may be able to tell the buyer here when he may expect delivery of this 100 bales of cotton in question." There was no evidence offered to show that the cotton had been resold to the plaintiffs.

The motion of the defendant for nonsuit should have been granted on the ground that "the evidence disclosed that the plaintiffs were not the owners of the claim sued on." *Chapman v. McLawhorn,* 150 N. C., 166, and numerous cases there cited. Revisal, 400, is explicit: "Every action must be prosecuted in the name of the real party in interest." The plaintiff's evidence showed that the right to demand this cotton or damages for its nondelivery had passed to Hogan & Co. by their assignment prior to the date when it was deliverable. The plaintiffs are neither legal nor equitable owners of the contract, nor are they trustees of an express trust.

They have "sawed the limb off between themselves and the tree."

Action dismissed.