## WILL ROLLER v. T. M. McKINNEY ET ALS.

(Filed 22 May, 1912.)

1. **New Trial—Newly Discovered Evidence—Cumulative Evidence— Appeal and Error.**

   The newly discovered evidence upon which a motion for a new trial is based in this case, being mostly cumulative and having very little bearing upon the controlling issue, the motion is denied.

2. **Pleadings—Motion to Strike Out—Impanelment of Jury—Practice.**

   A motion to strike out portions of the pleadings comes too late if made after the jury has been impaneled to try the cause, and should be denied.

3. *Partnership—Action of Debt—Parties—Pleadings.*

   A partner cannot recover on a note owned by the partnership, in an action thereon brought solely in his own name, for all the partners are necessary parties, and the action must be brought in the partnership name. The answer in this case denied the ownership of the plaintiff, and *Brewer v. Abernathy, ante,* 283, cited and distinguished.

APPEAL from *Foushee, J.,* at January Term, 1912, of McDOWELL.

Civil action. The action was tried by the plaintiff against these defendants to recover judgment upon certain notes which the plaintiff alleged he had purchased for value before maturity.

These issues were submitted to the jury:

1. Were the defendants, and each of them, induced to sign the notes in question by fraud, as alleged in the answer? Answer: Yes, except as to T. M. McKinney.

2. Is the plaintiff a purchaser of said notes for value and without notice of said fraud? Answer: No.

3. Is the plaintiff the owner of the notes sued on? Answer: No.

From the judgment rendered, the plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Pless & Winborne for the plaintiff.*
*S. J. Ervin for the defendant.*

Brown, J. We have considered the motion for a new trial upon the ground of newly discovered evidence submitted by the plaintiff, and we are of opinion that the motion should not be granted. The evidence offered was mostly cumulative, and has very little bearing upon the third issue, upon which we think the case turns.

After the jury was impaneled, the plaintiff moved to strike out a portion of paragraphs 2, 3, 4, and 5 of the defendant's answer, which the court overruled, and the plaintiff excepted. We think his Honor properly overruled the motion, as it came too late after the impaneling of the jury; but even if his ruling was erroneous, it was harmless error.

There are thirty-one assignments of error relating to the different issues passed upon by the jury, but we think exception No. 17, which is to the charge of his Honor relating to the third issue, is the only assignment of error necessary to be considered, as that assignment relates to the third issue, upon which we think the case turns. A portion of the charge excepted to is as follows:

"If you find that in purchasing said notes the plaintiff was not acting for himself alone, but for the partnership, and purchased them as the agent of the firm, then you will answer the third issue 'No.'"

This action is instituted by the plaintiff individually to recover on three notes of $1,000 each, executed by the defendants to Bauhard Brothers, for the purchase of a horse, and the plaintiff claims to be purchaser for value and without notice of any defect or infirmity in the notes, or of the alleged fraud by which the defendants claim the execution of the notes was procured.

There are several defenses set up in the answer. Among others, it is alleged in the answer that the plaintiff is not the owner of the notes sued on, and that he is not the real party in interest, in whose name the suit must be brought. *Vaughan v. Davenport, post,* 369.

There is abundant evidence in the record tending to prove that if the note was purchased at all for value, it was purchased in behalf of the partnership, of which the plaintiff was simply a member.

If this is true, as the jury have found, then the plaintiff was not the sole owner of the note, and had no right to maintain the action in his own name as an individual. *Heaton v. Wilson,* 123 N. C., 398, in which case it is held that it is the general rule that in all suits relating to a partnership, all the partners are necessary parties, and the action must be brought in the name of the partnership.

This case at bar is to be distinguished from *Brewer v. Abernathy, ante,* 283. In that case the point was attempted to be raised under a motion to nonsuit after the evidence was all in, and had not been pleaded either by way of demurrer or answer. In this case it is specially pleaded in the answer that the note sued on was the property of the partnership, and not the individual property of this plaintiff.

We think, therefore, the instruction of his Honor was correct, and inasmuch as the jury have found the third issue in favor of the defendant, it terminates the action so far as this plaintiff as an individual is concerned.

Affirmed.