H. BREWER & CO. v. ABERNATHY, LYERLY & CO.

(Filed 28 May, 1912.)

**Pleadings—Partnership—Corporation—Evidence—Demurrer—Waiver.**

When suit is brought in the name of a partnership, objection that it does not appear whether the plaintiff is a partnership or a corporation is deemed to be waived unless taken advantage of by a written demurrer or answer, and comes too late upon demurrer to the evidence.

APPEAL from *Long, J.,* at December Term, 1911, of BURKE.

Civil action. At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. This is an extract from the record:

"At the close of plaintiff's testimony the defendant demurs *ore tenus* to the evidence and insists the plaintiff should be

nonsuited, for that there has no evidence been offered tending to show the names of the partners of the plaintiff's company, if they are partners, and no evidence tending to show that the plaintiff company is an incorporation." Upon an inspection of the record, such as the court is able to make, it fails to find any evidence as to whether it is a partnership or incorporation. The court also fails to find anything in record, summons, or pleading disclosing whether the plaintiff is an incorporation or partnership. The court, therefore, being left in the dark in. this matter, upon all the evidence and upon the record directs a judgment of nonsuit against the plaintiff, and to such order the plaintiff excepts and appeals to the Supreme Court.

*J. T. Perkins for the plaintiff.*
*Avery & Errin and A. A. Whitener for the defendant.*

BROWN, J. The record discloses two assignments of error:
1. The exclusion of the affidavit of the plaintiff showing that the notes were given for goods sold and delivered as set forth in plaintiff's first assignment of error.

2. The order of nonsuit of plaintiff, and the sustaining of the defendant's demurrer to the evidence as set forth in the plaintiff's second exception.

It is not necessary to consider the first assignment of error, as we are of opinion that the court below erred in ordering a nonsuit on the ground that it did not appear whether the plaintiff was a partnership or a corporation, and, if a partnership, who the partners were. The ruling of his Honor was made, as stated in the briefs of the counsel, upon the authority of *Heaton v. Wilson,* 123 N. C., 398.

We do not think that case is by any means decisive of the question presented here. It was an action for the recovery of the possession of certain logs, accompanied with the ancillary proceedings of claim and delivery, and was not brought in the name of the partnership, but in the name of W. H. Heaton alone.

While the evidence showed that the logs belonged to Heaton and W. W. Avery and the court held that "Heaton could not recover all the logs, if a partner, more than he is entitled to,"

the idea of the court seemed to have been that inasmuch as the action was brought in the name of Heaton as an individual and not in the name of the partnership to which the logs belonged, therefore Heaton could not recover. We do not think the case is any authority for the position that motion to nonsuit can be sustained upon the grounds set out in his Honor's judgment quoted above.

This question was carefully considered and decided by us in the recent case of *Kochs v. Jackson,* 156 N. C., 327, in an opinion by *Mr. Justice Allen.* In that case it is held that a demurrer *ore tenus* will not be sustained on the ground that the plaintiffs' name appeared to be either that of an incorporated company or a partnership, and that neither the fact of incorporation nor the names of the partners were alleged.

This is in accordance with the statute, wherein such objections are deemed to be waived unless taken advantage of by a written demurrer or answer. In this case the suit is brought in the name apparently of a partnership, and the transaction seems to have been had with H. Brewer & Co., who are the plaintiffs. It is that title which appears in the written correspondence between the parties.

If the plaintiff desired to take advantage of the fact that the names of the copartners were not set out, he should have done so in apt time. By waiting until the close of the plaintiff's evidence, the defendant waived any right to object to the fact that the names of the individual copartners were not set out in the title of the case.

A new trial is ordered.

Reversed.