R. G. ALLEN v. B. F. McMILLAN, SHERIFF, AND ROBT. U. PATTERSON, INTERVENOR.

(Filed 31 March, 1926.)

**1. Interpleader—Attorney and Client—Affidavits—Defects—Waiver—Appearance.**

A party to an action is deemed to have waived his right to object to the sufficiency of an affidavit of an attorney for an interpleader or intervenor, as not having been made in accordance with the requirements of our statute, by appearing at the taking of depositions in his behalf and cross-examining his witnesses. C. S., 840.

**2. Same—Orders—Judgments—Parties—Exceptions.**

Where the court has allowed a third party to interplead and ordered him to be made a party to the action, an appearance of an original party

to the action must first attack the validity of the order if he so desires, and a voluntary recognition that the court has acquired jurisdiction of a party is conclusive.

**3. Tenants in Common—Personal Property—Claim and Delivery—Sole Ownership.**

One tenant in common of personal property may not maintain claim and delivery against a third person in possession, without the other owners, it being required that the claimant show sole ownership.

**4. Same—Evidence—Questions for Jury.**

Where the evidence is conflicting as to the plaintiff's sole ownership of the personal property in claim and delivery, the question is one for the jury.

APPEAL by plaintiff from *Dunn, J.,* at September Term, 1925, of ROBESON. New trial.

On 25 April, 1925, defendant, B. F. McMillan, sheriff of Robeson County, arrested plaintiff in the town of St. Pauls, in said county, upon a warrant, duly issued, charging that plaintiff was a fugitive from justice, having stolen an automobile in Washington, D. C., C. S., 4550. There was evidence that the Dodge Sedan, found in the possession of plaintiff, at the time of his arrest, was the automobile which had been stolen in Washington, D. C. Plaintiff was delivered by the sheriff into the custody of officers from Washington, D. C., who took him to said city to answer the charge there pending that he had stolen the automobile. The sheriff retained the automobile in his possession, in order that he might deliver it to the owner.

On 30 April, 1925, plaintiff commenced this action to recover the automobile from the sheriff; pursuant to a writ of claim and delivery, issued herein, the coroner of Robeson County took the automobile from the sheriff. On 1 May, 1925, Paul A. Sherrier, as attorney for Robert U. Patterson, filed an affidavit in this action, alleging that said Robert U. Patterson was the owner of said automobile and praying that he be made a party to the action, in order that he might intervene and set up his rights as such owner. Upon the filing of bond as required by statute, an order was made, in accordance with the prayer in said affidavit and petition, and the automobile was thereupon delivered by the coroner to Robert U. Patterson, intervenor. At the trial, the sheriff disclaimed title or right of possession to the automobile. The issues submitted to the jury were answered as follows:

1. Is the intervenor, Robert U. Patterson, the owner and entitled to the possession of the Dodge Sedan in controversy, as alleged in his petition? Answer: Yes.

2. What was the value of said automobile at the time of the seizure? Answer: $1,000.

From judgment in accordance with the verdict, plaintiff appealed.

*McLean & Stacy for plaintiff.*
*McNeill & Hackett for intervenor.*

CONNOR, J. The affidavit upon which Robert U. Patterson was allowed to intervene in this action, and to set up his claim to the Dodge Sedan, was made by Paul A. Sherrier, as attorney for Robert U. Patterson, and was signed "Robert U. Patterson by Paul A. Sherrier, attorney." Plaintiff contends that said affidavit was not sufficient for that it was not made by the claimant, as required by statute; that an affidavit made by an attorney or an agent for a claimant, is not sufficient to support an order that the claimant may intervene, or interplead in the action, C. S., 840. If it be conceded that plaintiff's contention is correct, it will not avail him upon the facts appearing on this record. Plaintiff alleged in his complaint that "an intervenor's oath and bond" had been filed in the action; plaintiff appeared by his attorney at the taking of depositions in behalf of Robert U. Patterson, intervenor, at Washington, D. C., on 4 September, 1925, and cross-examined the witness whose depositions were then and there taken. Plaintiff thereby waived any defect or irregularity in the affidavit upon which Robert U. Patterson was made a party to the action. If plaintiff wished to attack the validity of the order by which the intervenor was made a party to the action, he should have done so, in the first instance, before recognizing its validity by the allegation in his complaint and by his appearance and participation in the taking of depositions in behalf of the intervenor. A voluntary recognition that the court has acquired jurisdiction of a party to the action is conclusive not only upon the party, but also upon his adversary. *Rector v. Logging Co.,* 179 N. C., 59; *Harris v. Bennett,* 160 N. C., 339; *Caldwell v. Wilson,* 121 N. C., 458. Plaintiff's assignments of error based upon his exceptions to the refusal of the court to dismiss the intervenor as a party to the action cannot be sustained.

There was evidence that the intervenor, Robert U. Patterson, is a colonel in the United States Army, and that during the year 1925, he was on duty in Washington, D. C. He purchased the automobile in controversy on 25 February, 1925, from a dealer in Washington City. Before concluding the bargain for the automobile, he requested the salesman to show it to his wife, Mrs. Eleanor R. Patterson. The salesman complied with this request; Mrs. Patterson approved the automobile and gave the salesman $25 to "clinch the bargain." Subsequently, the purchase price of the automobile was paid by two checks, one signed by Col. Patterson and one by Mrs. Patterson. Col. Patterson testified, "I made two payments—one by myself, and one by my wife." The salesman testified that he sold the automobile to Col. Patterson and his wife.

The automobile was stolen from the street in Washington, where Col. Patterson had parked it, on 9 April, 1925. Thereafter, the bill of sale for the car, dated 4 May, 1925, to Mrs. Eleanor R. Patterson, was delivered to Colonel and Mrs. Patterson. The automobile recovered from plaintiff at Lumberton, N. C., on 25 April, 1925, was restored to Col. Patterson in Washington, D. C., in May, 1925, by the police authorities of said city.

His Honor instructed the jury, upon the first issue, as follows:

"If the intervenor has satisfied you by the greater weight of the evidence that he is the owner of the automobile, or joint owner, together with his wife, it will be your duty to answer the first issue, Yes." Plaintiff excepted to this instruction and assigns same as error.

The court further instructed the jury that "if the intervenor has failed to satisfy you that the automobile is his property, or the joint property of himself and wife, or if you find upon the whole evidence that it is the sole property of intervenor's wife, and not his sole property, or not the joint property of the intervenor and his wife, it will be your duty to answer the first issue, No."

There was evidence from which the jury could have found that at the time Col. Patterson became a party to the action, he was the sole owner of the automobile; or that he and his wife were joint owners; or that she was the sole owner.

It has been held by this Court that ordinarily one cotenant or joint owner of specific personal property cannot recover possession of said property, or damages for its conversion, from one who is a joint owner, or cotenant with him of said property, *Doyle v. Bush,* 171 N. C., 10; *Waller v. Bowling,* 108 N. C., 294.

It has also been held that an action for the recovery of the possession of personal property, owned by two or more joint owners, or cotenants, cannot be maintained by one of the several joint owners or cotenants, *Cain v. Wright,* 50 N. C., 283; *Heaton v. Wilson,* 123 N. C., 399.

The general rule is that each cotenant has a right to the possession of all the property held in cotenancy, equal to the right of each of his companions in interest, and superior to that of all other persons; but the possession of a chattel cannot be recovered from a stranger in an action brought by less than all the owners of it, for to maintain the action the plaintiff must show a right to the exclusive possession of the property; 23 R. C. L., 869; *McDonald v. Bailey,* 37 L. R. A. (N. S.), 267 and note; *Thomas v. Armstrong,* L. R. A., 1916 B, p. 1182.

It was error to instruct the jury that if they found from the evidence that Col. Patterson and his wife were joint owners of the automobile, they should answer the first issue "Yes." They should have been in-

structed that they could not answer the issue "Yes" unless they found that Col. Patterson, the intervenor, was the sole owner of the automobile. Col. Patterson can recover in this action only if he is the sole owner of the automobile taken from the possession of plaintiff by the sheriff of Robeson County. There must be a

New trial.