### A. I. KAPLAN v. W. A. FERSON HAY AND GRAIN COMPANY, AND LIBERTY NATIONAL BANK, KANSAS CITY, MO.

(Filed 14 December, 1927.)

**1. Actions—Parties—Interveners.**

An intervener made a party and contesting the action upon its merits thereby enters a general appearance.

**2. Same—Burden of Proof.**

The burden of proof is on the intervener who has become a party and contests an action upon its merits, to sustain his allegations as such.

**3. Bills and Notes—Drafts—Banks and Banking—Agency for Collection —Principal and Agent—Due Course—Questions for Jury.**

Where a bank accepts for deposit a draft drawn for goods sold and delivered by common carrier, reserving the right to charge the draft

back to his depositor if not paid, it is an agency for collection and not a purchaser; and when the draft has been paid to the local bank of the drawee, who afterwards brings action against the consignor for damages for breach of contract of sale, upon conflicting evidence the question is for the jury.

4. **Evidence—Verdict—Directing Verdict — Bills and Notes — Drafts— Holder in Due Course—Prima Facie Case—Burden of Proof.**

Where an intervening bank of deposit claims the proceeds of a paid draft as holder in due course and not as an agency for collection for the drawer, the burden being on it to establish its rights, its request for a directed verdict upon the issue if the jury believe the evidence is properly denied, though it has made out a prima facie case by the endorsement, acceptance and possession of the draft.

APPEAL from *Devin, J.,* and a jury, at February Term, 1927, of WAKE. No error.

This was a civil action begun before a magistrate, on 26 August, 1926, by A. I. Kaplan against W. A. Ferson Hay and Grain Company, and Liberty National Bank, of Kansas City, Mo., to recover damages for a carload of hay shipped to the plaintiff, 19 June, 1926, from Kansas City, which plaintiff claims was defective in quality. The action was begun by attaching funds in the Commercial National Bank of Raleigh, which funds were derived from payment by this plaintiff of a draft for a subsequent shipment of hay from the same parties, 14 August, 1926. The Liberty National Bank gave bond and replevied the said funds so attached, as appears in the record.

The issues submitted to the jury and their answers thereto are as follows:

"1. What damages, if any, is plaintiff entitled to recover of the W. A. Ferson Hay and Grain Company? Answer: $150.

2. Do the funds attached herein belong to the Liberty National Bank of Kansas City? Answer: No."

*S. Brown Shepherd, N. G. Fonville and J. E. Shepherd for plaintiff. J. C. Little for defendants.*

CLARKSON, J. It appears from the record that the defendant, Liberty National Bank, Kansas City, Mo., was made a defendant and gave bond and replevied the funds attached. The defendant Liberty National Bank contested the action on its merits and the appearance is general. *Motor Co. v. Reaves,* 184 N. C., 260; *Allen v. McMillan,* 191 N. C., 517. Although the bank is a defendant, yet it gave bond and claimed title to the fund it was practically an intervener and the burden of the issue was on the bank. *Sugg v. Engine Co.,* 193 N. C., p. 814.

There is no controversy on the first issue. The Liberty National Bank assigned error as to the charge of the court below, as follows: "You are instructed that the burden is on the defendant, Liberty National Bank, to show that it is the owner of the proceeds of the draft and if it has not so shown you by the greater weight of the evidence you should answer the second issue, No." In this charge we can find no error.

The record shows *that the plaintiff* introduced the deposition of J. T. Franey, vice-president of the Liberty National Bank, his testimony being in part: "On 14 August, 1926, W. A. Ferson Hay and Grain Company, of Kansas City, Missouri, drew a draft on A. I. Kaplan, of Raleigh, N. C., in the amount of $329.81, payable on arrival at Raleigh, N. C., of car 32121 C. R. I. & P., to the order of the Liberty National Bank, signed W. A. Ferson Hay and Grain Company, and drawn on A. I. Kaplan, Raleigh, N. C. The proceeds of this draft were credited to the account of W. A. Ferson Hay and Grain Company, this being placed to their credit on a checking account and the amount of the entire credit was checked out after the proceeds were credited to the account of W. A. Ferson Hay and Grain Company. . . . The draft was paid by Mr. Kaplan in the amount of $180.91 direct to the bank and the freight deducted as having been paid by Mr. Kaplan was $148.90. These two amounts made the face value of the draft. . . . The proceeds of this draft has not been paid to us, and we are at present owners of the same. . . . The net amount due to the Liberty National Bank on this Kaplan draft is $180.91."

The theory upon which this action was tried, the principle is laid down by *Allen, J.,* in *Worth v. Feed Co.,* 172 N. C., at p. 342: "The rule prevails with us, and it is supported by the weight of authority elsewhere, that if a bank discounts a paper and places the amount, less the discount, to the credit of the endorser, with the right to check on it, and reserves the right to charge back the amount if the paper is not paid, by express agreement or one implied from the course of dealing, and not by reason of liability on the endorsement, the bank is an agent for collection and not a purchaser." *Bank v. Rochamora,* 193 N. C., 1; *Sugg v. Engine Co.,* 193 N. C., at p. 819.

Assume that the bank was the holder of the draft and was suing plaintiff for the amount and plaintiff set up the defense as shown on the first issue, yet the burden of the issue was on the bank. The principle laid down and the charge of the court approved in *Bank v. Rochamora, supra,* is as follows: "If you find that the plaintiff bought the paper, that is, in due course, as I have defined that term, and did not take it as an agent for collection, then your answer to the first issue would be 'Yes'; if you do not so find, your answer to the first issue

would be 'No.' If as purchaser in due course, if the plaintiff has satisfied you by the greater weight of the evidence of that, your answer to the first issue would be 'Yes,' if not, and you find that the bank accepted it as a collecting agent, your answer to the first issue would be 'No.'" At p. 7: "The burden of the issue was on plaintiff, and the court below so charges correctly. *Cotton Oil Co. v. R. R.*, 183 N. C., 95; *Hunt v. Eure,* 189 N. C., 482; *McDaniel v. R. R.,* 190 N. C., 474. To be sure, a prima facie case by the proof of the execution of the trade acceptance by defendants, its endorsement by Kaufman Brothers, and the possession of the trade acceptance by plaintiff bank, made out a prima facie case that plaintiff was the holder or purchaser in due course and not for collection. If plaintiff desired an instruction as to the effect of the prima facie evidence, it ought to have submitted prayer for specific instructions."

In apt time the defendant, Liberty National Bank, asked the court to instruct the jury "that if they believed the evidence they should answer the second issue Yes." We see no error in the refusal to give this charge. For the reasons given, there is in law

No error.