ROBERT D. COLEMAN, EXECUTOR, ETC., v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 18 September, 1935.)

**1. Appeal and Error J c: Reference C a—**

Where a finding by the referee is fully supported by evidence appearing of record, the inadvertence of the trial court in striking it out for want of evidence must be held for error on appeal.

**2. Same—**

Where plaintiff introduces documentary evidence for the purpose of attack, the inadvertence of the trial court in striking out the finding of the referee in plaintiff's favor supported thereby because the evidence was introduced by plaintiff, must be held for error.

**3. Appeal and Error K b—**

In this case the trial court erroneously struck out certain findings of the referee. On appeal the court's rulings on the exceptions are stricken out, and the facts thus being left in doubt, and the record being in unsatisfactory shape to enable the Court to pass upon the questions sought to be presented, the case is remanded for further proceedings.

APPEAL by plaintiff from *Alley, J.,* at July Term, 1935, of HAYWOOD. Civil action for an accounting and to establish a preference.

As the case involves a long and intricate accounting, with charges of breaches of trust, etc., the matter was referred at the January Term, 1935, to Hon. S. W. Black, as referee, to find the facts, state the account, and report the same, together with his conclusions of law, to the court.

The referee duly filed a full and exhaustive report, to which both sides filed exceptions, and the matter came on for hearing at the July Term, 1935, upon these exceptions.

It does not appear that the judge passed upon plaintiff's exceptions, unless he did so inferentially.

In ruling upon defendant's exceptions, the 20th finding of fact of the referee, which related to alleged breaches of trust on the part of the trustee, was stricken out, "the court being of opinion that there is no evidence in the record to sustain such finding." The 33d finding of fact of the referee, which related to the failure of the trustee to file proper reports, was likewise stricken out and modified because the reports filed by the trustee with the Clerk of the Superior Court "were introduced in evidence on the trial of this cause by the plaintiff."

From judgment overruling the conclusions of the referee, plaintiff appeals, assigning errors.

*Smathers, Martin & McCoy for plaintiff.*

*C. I. Taylor, Morgan, Stamey & Ward and F. E. Alley, Jr., for defendant.*

STACY, C. J. The trial court was in error in striking out the 20th finding of fact of the referee for want of evidence to sustain it. This was doubtless an inadvertence, as the finding is fully supported by the record, at least inferentially, if not by direct proof. And in ruling on defendant's exception to the 33d finding of fact, the court evidently overlooked the purpose for which the plaintiff introduced the trustee's reports in evidence, to wit, for attack. This was likewise an inadvertence.

With the facts thus left in doubt, and perhaps with somewhat contradictory findings, the record is not in satisfactory shape or condition for us to pass upon the questions sought to be presented. Hence, to insure consistency, the rulings upon defendant's exceptions modifying the referee's report will be stricken out and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.