ETHEL H. THREADGILL and PERCY THREADGILL, Agent, v. W. A. FAUST and LEON L. NOBLE.

(Filed 23 March, 1938.)

1. **Fraud § 7: Landlord and Tenant § 25—In an action for rent, tenant may set up counterclaim for fraud inducing execution of lease contract.**

   In this action to recover the balance of rent due under a contract leasing a mine with mining machinery, defendant set up a counterclaim alleging that plaintiff procured the execution of the lease by fraudulent misrepresentations. The referee found that the execution of the lease was induced by fraudulent misrepresentations as to the condition of the mine, output, and machinery on the premises, but found that after the discovery of the true condition, defendant began and continued operation of the mine and thereby elected to waive the fraud and affirm the contract. *Held:* The counterclaim set up a cause of action for damages for fraudulent misrepresentations inducing execution of the lease, and the action of the trial court in striking out the finding of the referee relating to waiver, and inserting in lieu thereof a finding, supported by evidence, that the true condition of the mine was not discovered until a much later date, when defendant ceased to operate the mine, and adjudging that defendant was not precluded by his conduct from setting up the counterclaim, is without error.

2. **Reference § 9—**

   Upon review of exceptions to the report of a referee the Superior Court has the power to set aside findings of fact and make additional findings, C. S., 578, but such power is limited by the requirement that such additional findings must be supported by some competent evidence.

3. **Appeal and Error § 40a—**

   Where the Superior Court strikes out a finding of a referee and makes an additional finding in lieu thereof, which additional finding is not supported by any competent evidence, there is no proper basis for the judgment, and the cause must be remanded for a proper determination of the pertinent exceptions to the referee's report.

4. **Partnership § 9: Parties § 1—Partner may not sue for his sole benefit on cause of action accruing to the partnership.**

   In this action by a lessor to recover rents due under a lease of mining properties, defendant set up a counterclaim for damages for fraudulent misrepresentations inducing the execution of the lease. Defendant testified before the referee that he was setting up the counterclaim in his own name for his own benefit, but it appeared that the mine was operated by defendant's firm, that there had been no accounting between the partners or dissolution of the partnership. *Held:* Defendant was not entitled to maintain the counterclaim in his own name for his sole benefit, since the cause accrued to the partnership, and all the partners were real parties in interest, C. S., 446, and the finding of the court that defendant could maintain the counterclaim is not supported by the evidence and must be stricken out, and the cause remanded.

5. **Partnership § 9: Parties § 10—Defect of parties held not waived by failure to object, since defect did not appear until taking of evidence.**

   This action to recover rents due under a lease of mining properties was instituted against the lessee alone, who filed answer setting up a counterclaim for fraudulent misrepresentations inducing the execution of the lease. Upon the hearing before the referee the evidence disclosed that the mine was operated by a partnership and that the losses alleged in the counterclaim was sustained by the partnership in the operation of the mine. *Held:* The defect of parties to the counterclaim was not waived by failure to object by proper plea, since the fact of partnership agreement was not disclosed until the taking of evidence before the referee.

6. **Appeal and Error § 40a—Upon facts of this case, it is ordered that additional evidence be taken upon question of damages.**

   Upon this appeal the cause was remanded for want of evidence supporting the court's finding in regard to proper parties to defendant's counterclaim, and it is also ordered that additional evidence be taken on the question of damages upon the counterclaim in view of plaintiff's motion for a new trial for newly discovered evidence on this question, and the fact that the trial court was of the opinion that error was committed in calculating the damages, which he attempted to correct at a subsequent term over objection.

APPEAL by plaintiffs from *Alley, J.,* at June Special Term, 1937, of YANCEY. Error and remanded.

This was an action instituted to recover an amount alleged to be due as rental of certain machinery used in connection with a mine known as "Cat Tail Mine" or "Isen Mine," leased to defendants by Percy Threadgill as agent of the owner, Ethel H. Threadgill.

The defendant Noble was not served with summons and filed no answer. Defendant Faust filed separate answer admitting the lease, but setting up a counterclaim for damages for fraud and deceit on the part of plaintiffs, whereby he was induced to make expenditures and incur losses in the effort to operate said mine, and alleged that, after allowing plaintiffs credit for all such sums as were justly due them, he was entitled to recover of the plaintiffs $3,377.35.

The cause was referred to the Hon. Robt. W. Proctor as referee. In the evidence heard by the referee it appeared that the lease, though dated 1 April, 1935, was not actually executed until 3 and 4 June, 1935. The terms of the lease provided among other things for the payment by defendants of certain royalties on the minerals and subsoil products extracted, and for the payment of $50 per month for the use of plaintiffs' mining equipment then installed.

It further appeared that on 8 June, 1935, defendants Faust and Noble and one C. W. Larsen entered into a written partnership agreement for the operation of the "Cat Tail Mine" or "Isen Mine" in Yancey County, North Carolina, whereby the named partners agreed,

among other things, to share equally in the ownership and profits of the business.

After hearing the evidence the referee made due report to the court of his findings of fact and conclusions of law. The referee found that the execution of the lease was induced by the fraudulent representations of the plaintiffs as to the condition of the mine, output, and machinery on the premises, but found that after the discovery of the true condition of the mine and equipment defendant Faust began and continued operation for five months, and upon demand of plaintiffs made a small payment to plaintiffs in August, 1935, and the referee concluded as a matter of law that the conduct of defendant Faust constituted an election to waive the fraud and affirm the contract, and that he was not entitled to recover on his counterclaim.

The referee further found that defendants Faust and Noble and C. W. Larsen, who is not a party to this action, were partners in the lease, and that there had been no accounting between the partners nor dissolution of the partnership, and that defendant Faust, under his counterclaim, was undertaking to recover judgment for himself and not for the partnership. The referee thereupon concluded, as a matter of law, that all the partners of defendant Faust were necessary parties to his counterclaim, and that defendant Faust was not entitled to recover in his own behalf on a partnership claim, and was therefore not entitled to recover on the counterclaim set up in the answer.

The referee concluded that defendant Faust was indebted to plaintiffs on the cause of action alleged in the complaint in the sum of $345.00.

Defendants filed exceptions to the report of the referee, and upon the hearing in the Superior Court certain findings of the referee were set aside and the court found other facts instead, and overruled certain of the referee's conclusions of law, and entered judgment that defendant Faust "on behalf of himself and his copartners, Noble and Larsen, recover of the plaintiffs the sum of $3,377.35."

From the judgment of the Superior Court plaintiffs appealed.

*A. S. Barnard and Charles Hutchins for plaintiffs, appellants.*
*Watson, Fouts & Watson for defendants, appellees.*

DEVIN, J. The questions presented by this appeal concern only the counterclaim set up by defendant Faust. The referee concluded on the facts found by him that the plaintiffs were entitled to recover of the defendants $345.00 on the cause of action set out in the complaint, and his conclusion of law to this effect was adopted by the court below.

Upon the counterclaim of the answering defendant Faust for damages on account of the fraudulent representations of the plaintiffs, whereby

he was induced to enter into the contract of lease and caused to suffer loss in the purchase of machinery and in expenditures for labor, the referee found that fraudulent representations were made, and this finding was adopted and concurred in by the judge of the Superior Court.

But the referee held that defendant was not entitled to recover on his counterclaim upon two grounds: (1) For that he found that after discovery of the true facts of the matters misrepresented defendant began and continued operation on the premises for five months, and the referee concluded that defendants' conduct and actions constituted an election to waive the fraud and affirm the contract; and (2) for that defendants Faust and Noble and one C. W. Larsen, who was not a party to the action, were partners in the lease, and that there had been no accounting between the partners or dissolution of the partnership, and that defendant Faust by his counterclaim was undertaking to recover judgment for himself and not in behalf of the partnership, and the referee concluded that all the partners were necessary parties to the counterclaim, and that defendant Faust was not entitled to recover in his own behalf on a partnership claim.

The judge of the Superior Court struck out the referee's finding of fact and conclusions of law as to waiver of the fraud, and found as a fact that defendant did not discover the true facts as to the condition of the mine until November, 1935, and adjudged that defendant was not precluded by his conduct from setting up counterclaim for sums wrongfully paid out by reason of fraudulent representations. In this particular there was evidence to support the finding of the judge, and his ruling thereon was in accord with the decisions of this Court. *May v. Loomis,* 140 N. C., 350, 52 S. E., 728; *Wolf Co. v. Mercantile Co.,* 189 N. C., 322, 127 S. E., 208.

The referee's findings that defendants were partners with Larsen in the lease and operation of the mine, and that defendant Faust under his counterclaim was undertaking to recover judgment for himself and not in behalf of the partnership were stricken out by the court, and, instead, the court found as a fact "that the answer and counterclaim was filed by Faust for and on behalf of himself and his partnership, and the recovery sought in the further defense and counterclaim contained in said answer is for the benefit of said Faust and his firm," and the court struck out the referee's corresponding conclusion of law, and adjudged that defendant Faust had the right in this action to seek recovery for himself and his copartners, Noble and Larsen.

The finding of the judge in this particular does not seem to be supported by any evidence appearing in the record before us. The defendant Faust filed answer for himself alone, set up counterclaim seeking recovery for himself, and made no reference to the existence of a

THREADGILL v. FAUST.

partnership with others in relation to the transactions sued on. In the hearing before the referee defendant Faust testified: "I brought this suit in my name and am undertaking to make recovery as I made the investment individually. Mr. Larsen is not included because he has nothing to lose. Noble and Larsen have nothing in the investment. There are three partners to the contract—Noble, Larsen, and myself."

The power of the judge of the Superior Court, upon exceptions duly filed to the report of a referee, to set aside findings of the referee and to make other and additional findings of his own, as authorized by C. S., 578, and the uniform decisions of this Court, is limited by the established rule that there must be some competent evidence to support his findings. *Dent v. Mica Co.,* 212 N. C., 241; *Anderson v. McRae,* 211 N. C., 197; *Martin v. McBryde,* 182 N. C., 175, 108 S. E., 739. In the absence of any evidence adduced in the hearing before the referee to support the judge's finding on this material matter his ruling thereon cannot be upheld. Therefore it follows that, when the finding of the referee has been stricken out and the finding of the judge in lieu thereof is unsupported by evidence, there is no basis for the judgment, and it must be vacated and the cause remanded to the Superior Court for proper determination of the matters raised by the pertinent exceptions to the report of the referee. *Coleman v. Hood, Comr.,* 208 N. C., 430, 181 S. E., 280; *Wilson v. Allsbrook,* 203 N. C., 498, 166 S. E., 313.

The general rule in this jurisdiction is that one partner may not sue in his own name alone, and for his own benefit, upon a cause of action accruing to the partnership. The action must be prosecuted in the name of the real party in interest. C. S., 446; *Vaughan v. Moseley,* 157 N. C., 156, 72 S. E., 842. "It is the general rule that in all suits relating to a partnership all the partners are necessary parties, and the action must be brought in the name of the partnership." *Roller v. McKinney,* 159 N. C., 319, 74 S. E., 966; *Cain v. Wright,* 50 N. C., 282; *Heaton v. Wilson,* 123 N. C., 398, 31 S. E., 671; *Allen v. McMillan,* 191 N. C., 517, 132 S. E., 276; 47 C. J., 957.

While objection on this ground, ordinarily, must be raised in apt time by proper plea, in the instant case the fact of the partnership agreement did not appear in the pleadings and was not disclosed until the taking of testimony before the referee, who thereupon ruled that the one partner could not maintain action on a claim pertaining to the partnership. Hence it may not be held that the objection was waived. *Vaughan v. Moseley, supra.*

In view of the opinion of the trial judge that there was an error in the calculation of the amount of the recovery and his attempt at a subsequent term, over the objection of appellants, to correct the mistake, and upon consideration of the affidavits filed in support of plaintiffs'

motion in this Court for a new trial for newly discovered evidence on the question of the amount of defendant's damages, we deem it proper, and so order, that additional evidence be taken or a new hearing be had as to the amount of defendant's counterclaim, in the event he is found entitled to recover thereon.

It is ordered that the judgment appealed from be vacated, and that the cause be remanded to the Superior Court of Yancey County for further proceedings not inconsistent with this opinion.

Error and remanded.