UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

E. HAROLD KEITH; JOYCE G. KEITH,
Plaintiffs-Appellants,

v.

THE TOWN OF KNIGHTDALE, NORTH
CAROLINA; WILLIAM A. WILDER,
Individually and in his official
capacity as Mayor of Knightdale; THE
KNIGHTDALE TOWN COUNCIL; JAMES
JOSEPH BRYAN; GREG C. JONES;
VERNON CHARLES BULLOCK; ANN M.
MAY; REBA PENDLETON, Individually
and in their official capacities as
members of the Knightdale Town
Council; CARL A. MOORE, Individually
and in his official capacity as Mayor
                                                                  No. 96-1981
of Knightdale and former member of
the Knightdale Town Council; DENNIS
GABRIEL, Individually and in his
official capacity as Knightdale Town
Manager; GARY L. MCCONKEY,
Individually and in his official
capacity as Knightdale Town
Manager; PAUL S. PECKENS,
Individually and in his official
capacity as Knightdale Town Planner;
STEPHEN G. SPOSATO, Individually and
in his official capacity as Knightdale
Town Planner,
Defendants-Appellees,

and

ELAINE HOLMQUIST, Individually and in her official capacity as Knightdale Town Clerk; HOLMES P. HARDEN, in his representative capacity as Trustee in Bankruptcy for KVK Development; CARRINGTON DEVELOPMENT ASSOCIATES; K&K DEVELOPMENT CORPORATION, Defendants.

E. HAROLD KEITH; JOYCE G. KEITH, Plaintiffs-Appellees,

v.

THE TOWN OF KNIGHTDALE, NORTH CAROLINA; WILLIAM A. WILDER, Individually and in his official capacity as Mayor of Knightdale; THE KNIGHTDALE TOWN COUNCIL; JAMES JOSEPH BRYAN; GREG C. JONES; VERNON CHARLES BULLOCK; ANN M. MAY; REBA PENDLETON, Individually and in their official capacities as members of the Knightdale Town Council; CARL A. MOORE, Individually and in his official capacity as Mayor of Knightdale and former member of the Knightdale Town Council; DENNIS GABRIEL, Individually and in his official capacity as Knightdale Town Mayor; GARY L. MCCONKEY, Individually and in his official capacity as Knightdale Town Manager; PAUL S. PECKENS,

No. 96-1999

2

Individually and in his official
capacity as Knightdale Town Planner;
STEPHEN G. SPOSATO, Individually and
in his official capacity as Knightdale
Town Planner,
<u>Defendants-Appellants,</u>

and
ELAINE HOLMQUIST, Individually and in
her official capacity as Knightdale
Town Clerk; HOLMES P. HARDEN, in
his representative capacity as Trustee
in Bankruptcy for KVK Development;
CARRINGTON DEVELOPMENT ASSOCIATES;
K&K DEVELOPMENT CORPORATION,
<u>Defendants.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Wallace Wade Dixon, Magistrate Judge.
(CA-93-708-5-DI)

Argued: December 3, 1997

Decided: March 16, 1998

Before MURNAGHAN, ERVIN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marvin Schiller, Susan Sawin McFarlane, Raleigh, North
Carolina, for Appellants. Michael Bannon Brough, BROUGH &
ASSOCIATES, Chapel Hill, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

E. Harold Keith ("Keith"), a developer of commercial and residential real estate in and around the town of Knightdale, North Carolina, filed suit against the town, the Knightdale town council, and numerous town councilpersons and officials individually and in their official capacities. Goaded by a history of acrimonious disputes, Keith alleged violations of his first amendment and due process rights, as well as state constitutional and tort claims. With one exception, Keith's claims were dismissed or decided favorably to the appellees on summary judgment. Keith was permitted to proceed to trial on his claim that the appellees retaliated against him for conduct protected by the First Amendment.

The principal issue raised in the instant appeal is whether the district court erroneously determined, following a jury deadlock and a mistrial, that the evidence adduced at trial was insufficient as a matter of law to prove that the appellees' adverse actions were caused by Keith's first amendment activities. We also consider Keith's challenge to the district court's grant of summary judgment to the appellees on his federal due process claim. As to the remaining issues raised by Keith and not addressed by our disposition of the free speech and due process claims, we rely on the opinion of the court below. On all issues we hold in favor of the appellees.

The appellees have cross-appealed, arguing that Keith failed to establish the existence of a continuing violation and, therefore, his constitutional claims are barred by the statute of limitations. We do not reach the appellees' contention, for it simply presents an alternative ground on which to affirm the judgment of the court below with respect to Keith's free speech and due process claims.

I

Initially, Keith has maintained that the appellees obstructed the completion of six development projects in retaliation for conduct pro-

4

tected by the First Amendment. We hold, however, that the evidence does not permit a conclusion that Keith's protected activities caused the appellees' adverse actions.

We review the district court's grant of the appellees' motion for judgment as a matter of law de novo. Malone v. Microdyne Corp., 26 F.3d 471, 475 (4th Cir. 1994). The failure of a nonmoving party to adduce substantial evidence in support of an essential element of a claim on which he has the burden of proof entitles the movant to judgment as a matter of law. See Singer v. Dugan , 45 F.3d 823, 827 (4th Cir. 1995); Mattison v. Dallas Carrier Corp., 947 F.2d 95, 100 (4th Cir. 1991).

Well-established principles of causation guide our analysis. Under the standard established in Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1976), a claimant must demonstrate that conduct protected by the First Amendment "was a `substantial factor'--or, to put it in other words, a `motivating factor'" in the town's adverse decisions. Id. at 287. The burden then shifts to the defendants to prove, by a preponderance of the evidence, that the allegedly retaliatory actions would have been taken in the absence of the protected conduct. Id.

Notwithstanding the factual nature of the inquiry into motive, the question may not be determined by the jury if the evidence fails to show a reasonable probability of improper motive. See Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241-42 (4th Cir. 1982). We have explained that "if the inference sought to be drawn lacks substantial probability, any attempted resolution of the question may well lie within the area of surmise and conjecture, so that the issue should not be submitted for jury consideration." Id. at 242 (internal quotation marks and citation omitted). The voluminous testimony presented by Keith falls short of the required threshold.

The evidence plainly demonstrated a pattern of unfavorable treatment by the appellees, described the puerile delight of town councilpersons in Keith's misfortunes, and established the intent of various council members to drive Keith out of business. Keith also showed that he engaged in conduct protected by the First Amendment. Keith vocally opposed and lobbied against legislation supported by the

5

appellees, regularly spoke out at town meetings, communicated his criticisms to the press, questioned council decisions, and videotaped council meetings. Furthermore, there was evidence that Keith's first amendment conduct may have been a source of some consternation or offense to town officials and councilpersons.

Keith has been wholly unable, however, to forge even a tenuous link between his first amendment activities and adverse actions taken with respect to Keith's development projects. James Varner ("Varner"), former town manager and Keith's principal witness, was asked repeatedly on cross-examination if he had ever heard any councilperson make a comment that would connect the adverse statements about Keith and Keith's first amendment activities. Varner consistently responded in the negative.

Keith would have us infer causation from the bare juxtaposition of his protected conduct, appellees' expressed antagonism, and the town's adverse actions. Viewed together, however, the elements described by Keith establish no more than a possibility of unconstitutional retaliation. Because it is impossible to "choos[e] rationally between mere possibilities," Keith's claim fails as a matter of law. Lovelace, 681 F.2d at 242.

Even if we were to conclude that Keith had established that the exercise of his first amendment rights was a substantial factor in appellees' decisions, the appellees unequivocally demonstrated that the same actions would have been taken in the absence of the protected conduct.

The appellees did not deny that Keith received less favorable treatment than other developers. According to town employees and officials, however, the disparate treatment was motivated by Keith's record of broken promises and by his belligerent and intractable manner. The evidence supported the appellees' contention that Keith regularly reneged on commitments unless the town had an effective sanction available to ensure his performance.

Testimony presented by the appellees also revealed that Keith was an extraordinarily difficult individual with whom to do business. Former Mayor William Wilder testified that Keith was inflexible and

6

routinely threatened the town with lawsuits. Other town employees and officials testified that Keith "screamed" and was verbally abusive during confrontational encounters. Paul Peckens, a former town planner, asserted that an intimidating encounter with Keith was one of the factors that led him to resign from his position after one year. Scott Poole, an employee with Carolina Power & Light, described an incident in which Keith pointed a handgun directly at Poole's face during an irate exchange.

In short, the appellees produced substantial uncontradicted evidence that the town and council's efforts to impede Keith's development projects were the result of longstanding and personal antagonism toward Keith. To the extent a vendetta against Keith existed, it was prompted by Keith's pugnacious nature, a history of irate disagreements, and memories of unfulfilled obligations.

Therefore, we conclude that Keith failed to demonstrate that the appellees' actions were motivated by Keith's exercise of his first amendment rights. Because Keith has failed to adduce substantial evidence on an essential element of his claim, we affirm the district court's entry of judgment as a matter of law in the appellees' favor.

II

Next, Keith has argued that the appellees violated the Due Process Clause by arbitrarily refusing to issue permits and certificates of occupancy with respect to Keith's development projects. We conclude that Keith has no standing to pursue his due process claim.

Keith's development activities were undertaken through three business entities: KVK Development Associates and Carrington Development Associates, partnerships engaged in commercial development; and K&K Development Corporation, a corporation engaged in residential development. It is undisputed that applications for the disputed approvals were made in the name of and denied to the business entities, and not by or to Keith individually.

Keith shared ownership and control of the three business entities with Henry H. Knight. The partnership agreements and corporate

bylaws require that all partners and shareholders give their consent to any action brought on the behalf of or by the business entities, prior to the filing of such action. Consent was refused.

Nevertheless, Keith has persisted in arguing that his right to due process was violated by the town's withholding of approvals. Keith's position, however, transgresses the "fundamental rule . . . that a shareholder . . . does not have standing to assert claims alleging wrongs to the corporation . . ., even as to wrongs or injuries to the corporation which result in depreciation or destruction of the value of a shareholder's stock." Smith Setzer v. S.C. Procurement Panel, 20 F.3d 1311, 1317 (4th Cir. 1994) (internal quotation marks, alterations and citations omitted). A similar rule precludes suit by a partner for injuries suffered by the partnerships for which the entities themselves could recover. See Creek v. Village of Westhaven, 80 F.3d 186, 191 (7th Cir.), cert. denied sub nom. Village of Westhaven v. Creek, 117 S. Ct. 180 (1996) (holding that "a partner may not sue individually to recover damages for an injury to the partnership"); Orthopedica & Sports Injury Clinic v. Wang, 922 F.2d 220, 227 (5th Cir. 1991) (holding that partners had no standing to sue when they alleged no damage to property for which the partnership could not recover); see also N.C. Gen. Stat. § 1-69.1 (1996) (stating that the partnership entity is the proper party to maintain an action for damage to partnership property); Threadgill v. Faust, 195 S.E. 798 (N.C. 1938) (holding that all partners are necessary parties and the action must be brought in the name of the partnership).

Keith has suffered no injury independent of his status as a shareholder or partner in the business entities, and he may not evade the consequences of the entities' refusal to join in the instant suit by claiming the injuries suffered directly by those entities as his own. We therefore affirm the district court's entry of summary judgment in favor of the appellees.

CONCLUSION

Accordingly, the entry of judgment in favor of the appellees on all claims is hereby

AFFIRMED.

8