R. L. LUTHER ET AL. v. D. P. LUTHER ET AL.

(Filed 20 December, 1911.)

1. Tenants in Common—Partition—Parties—Pleadings—Clerks of Court.

In proceedings for partition of lands held in common, the petitioners are not entitled as matter of right to have a part only of the lands divided; and the defendants may, by answer, have included in the proceedings for a division such other lands as are held in common between the same parties.

2. Same—Superior Court—Amendments.

In proceedings for partition of lands held in common, it is proper for the petitioners to move before the clerk to strike from the defendant's answer allegations as to other lands not held in common by the same parties; but when on appeal, by order of court, the lands objected to are excluded from the proceedings, the judge can hear and determine all matters then embraced in the controversy, and proceed with the determination of the cause as amended.

3. Tenants in Common—Parties—Husband and Wife—Survivorship.

In proceedings in partition of lands by tenants in common, under allegations in the petition that "D. and I, are joint ten-

ants, as between themselves, of an undivided one-half interest in the said lands," it appearing that they are husband and wife: *Held,* the allegations mean an estate held by entireties with the right of survivorship, and entitled them to only one share in the land, and thus both were parties in interest in the land to be partitioned.

APPEAL from *Lane, J.,* at September Term, 1911, of BUN-COMBE.

This is a proceeding by R. L. Luther and S. J. Luther against D. P. Luther and wife, Ida Luther, to have partition of two tracts of land, particularly described in the petition.

The petitioners allege that R. L. Luther and S. J. Luther are owners of two undivided one-sixth interest in said lands, each being entitled to one-sixth thereof, and that the defendant D. P. Luther is the owner of an undivided one-sixth interest therein, and that he and his wife, the defendant Ida Luther, are, as between themselves, joint tenants of an undivided one-half interest.

The defendants answer and, among other things, allege that the petitioners and the defendant D. P. Luther are tenants in common of two other tracts of land described in the answer, and that they and three other persons, not parties to the proceeding, are tenants in common in a third tract of land, and ask that these three tracts be embraced in the order for partition.

The petitioners moved before the clerk to strike from the answer the allegations in reference to the three tracts of land, "for that the said portion of the answer is obnoxious because it makes the above-entitled action multifarious, in that it asks for division of tracts of land separate and distinct from the tract of land for a division of which the petition asks, and which said tracts of land are not held by the same tenants in common as the tract of land the division of which is prayed for in the petition, and in that it blends in one independent cause of action to which the same persons are not proper parties. That the said portion of the answer asked to be stricken out is irrelevant to the cause of action set forth in the petition of the petitioners."

The clerk sustained the motion, and made an order appointing commissioners to divide the land described in the petition, and the defendants excepted and appealed to the judge.

At the September Term, 1911, of court the appeal came on for hearing, and the defendants, by leave of the court, struck from their answer the allegations as to the third tract of land, and his Honor then decreed that the actions above mentioned be severed and that the proceeding to partition the lands described in the petition herein constitute one proceeding, and the proceeding to partition the lands described in the answer herein constitute a separate proceeding, and that the order of the clerk directing a partition of the lands set forth in the petition be confirmed and the exceptions of the defendant be overruled.

The defendants excepted and appealed.

*Locke Craig and Jones & Williams for plaintiff.*
*James H. Merrimon for defendant.*

ALLEN, J. The authorities seem to agree that tenants in common cannot, *as a matter of right,* have partial partition of the lands owned by them, and that when only a part of the land is described in the petition the defendant may allege that there are other lands owned in common and have them included in the order of partition. 30 Cyc., 177; *Brown v. Lynch,* 21 Am. St., 473; *Bigelow v. Littlefield,* Am. Dec., 484.

In the last case cited, the Court says: "One tenant in common cannot enforce partition of part only of the common estate. Such a course would lead to fraud and oppression.

If a different rule should be adopted and three or four small tracts of land were owned in common, separate petitions could be filed for each, costs would be increased, and frequently sales for division would be necessary, when if all were included in one petition an actual partition would be practicable.

It is, however, true, as contended by the petitioner, that the defendant cannot by answer introduce into the proceeding lands in which others, who are not parties, are interested. *Simpson v. Wallace,* 83 N. C., 477; *Brooks v. Austin,* 95 N. C., 474.

Applying these principles to the facts appearing in the record, the order of his Honor was, in our opinion, erroneous.

When the proceeding was before the clerk, the objection of the petitioners was well taken, because at that time, as to one of the tracts of land described in the answer, it was alleged that three persons were interested, who were not parties; but on appeal, by leave of court, this tract was eliminated, and the proceeding being before the judge, he could hear and determine all matters in controversy. *Roseman v. Roseman,* 127 N. C., 498.

But the petitioners further say that the elimination of the third tract did not cure the evil, because it is alleged in the petition that Ida Luther has an interest in the lands described in the petition, and it does not appear that she has any interest in the lands described in the answer.

There would be much force in this contention but for the form of the allegation in the petition, which is that "the defendants D. P. Luther and Ida Luther are joint tenants, as between themselves, of an undivided one-half interest in said lands," which we understand to mean an estate by entireties, under *Bruce v. Nicholson,* 109 N. C., 205, and other cases, with the right of survivorship.

If so, no separate part of the land would be allotted to Ida Luther, but one share would be set apart to D. P. Luther and Ida Luther.

This is in accord with the policy of our law, which is to discourage multiplicity of actions, and to administer the rights of the parties in one proceeding, when possible.

Reversed.