━━━━━━━━━━
MRS. HATTIE CAUSEY AND HUSBAND, A. W. CAUSEY, v. J. C. DAVIS, AGENT AND DIRECTOR GENERAL, UNITED STATES RAILROAD ADMINIS-TRATION.

(Filed 21 March, 1923.)

**1. Damages—Contracts—Torts—Consequential Damages.**

Where the plaintiff claims damages in his action for breach of contract, those recoverable are such as were within the reasonable contemplation of the parties at the time the same was made; and if for a tort thereafter committed arising from the contract through the defendant's negligence in the performance of a public duty it owed the plaintiff, the damages recoverable for the commission of the tort are such as were the direct consequences thereof, and such consequential damages as may be reasonably and ordinarily expected to result from the tort at the time it was committed, under conditions that afforded the defendant a fair and reasonable opportunity of avoiding or preventing the additional damages claimed.

**2. Same—Railroad—Train Connections.**

A passenger on a railroad train with ticket purchased to destination on the same road, may not recover damages for failure to reach her destination in time to be with her father at her stepmother's burial, caused by her missing the usual connection *en route,* and her father's temporary absence from home when she arrived when such consequences were not made known by her to the defendant's agent at any time before the injury complained of occurred.

### 3. Same—Actual Damages—Additional Expense.

In this action by the plaintiff to recover damages caused by the defendant railroad company by delaying the arrival at destination of the plaintiff, a passenger on its train, by its failure to make its usual connection at a station *en route: Held*, the plaintiff can only recover, as damages for the defendant's default in making the connection, such additional cost of the trip as she may thereby reasonably have been required to pay.

APPEAL by plaintiff from *Daniels, J.,* at September Term, 1922, of LEE.

Civil action to recover damages for failure to transport *feme* plaintiff over the Southern Railroad Company from Sanford to Franklinville as per contract of carriage.

There was evidence on part of plaintiff tending to show that on 16 August, 1919, plaintiff boarded train of the Southern Railroad Company at Sanford, N. C., holding a ticket to Franklinville, in said State. That the route contemplated and provided for a change of cars at Climax, N. C., where plaintiff was to take another train to Franklinville, distant about 16 miles from Climax, this train being due to arrive at Franklinville about 5 p. m. That the first train was late when plaintiff took it, but according to schedule there was to be connection of the trains at Climax, and that per custom the second train awaited indefinitely at Climax for the arrival of the Sanford train. That when the Sanford train arrived the train for Franklinville had gone, and plaintiff, after some delay and inquiry, procured an automobile from Climax to Franklinville at an extra cost of $2.30.

*Feme* plaintiff claimed and testified that the chief purpose of her trip was to be with her father at Franklinville on the occasion of the death of her stepmother, and to attend the latter's funeral, which was timed to take place at 5 p. m. of the same day. That on finding the train for Franklinville had gone, plaintiff told the agent of her purpose in going to Franklinville, and the agent endeavored to have the train return for her, but without effect, and that by reason of the default of the company in not making its schedule, plaintiff was unable to be at the funeral, and on arrival found her father's home closed, he having gone out for the night to some neighbor's, and plaintiff was annoyed and distressed to her great damage, and had been made ill by her disappointment and inconveniences to which she was subjected, etc.

There was verdict for plaintiff, the damages under the court's instruction being restricted to $2.30, the extra charge in getting to Franklinville. Judgment, and plaintiff excepted and appealed, assigning for error the ruling of the court in restriction of the damages claimed.

*Hoyle & Hoyle and Gavin & Jackson for plaintiff.*
*Seawell & Pittman for defendant.*

CAUSEY *v.* DAVIS.

HOKE, J.   In an action of this character, a plaintiff may sue for a breach of the contract of carriage or in tort for a breach of duty imposed by the law.   *Peanut Co. v. R. R.,* 155 N. C., 148; C. S., 3475, and cases cited.

Where the suit is for breach of the contract, the damages are such as were in the reasonable contemplation of the parties at the time the same was made, and when for tort recovery may be had for all the direct damages and such consequential damages as may be reasonably and ordinarily expected to result from such an injury at the time the same is committed.   See *Penn v. Tel. Co.,* 159 N. C., 306.   In estimating the amount of recovery for breach of contract, or for consequential damages occasioned by a tort, the claimant is properly restricted, as stated, to those that are the natural and probable results of his wrong, and if a plaintiff seeks to recover additional damages by reason of special circumstances, it must be shown that these circumstances were known to the parties in the one case at the time of contract made, and in the other at the time of tort committed, and under conditions that afforded the defendant a fair and reasonable opportunity of avoiding or preventing the additional damages claimed. This was the principle approved and applied in the *Peanut Co. case, supra.*   In that case the special circumstances claimed as justifying an award of additional damages were not known to the parties at the time of shipment, and were therefore not competent in an action for breach of contract merely, but plaintiff offered to show that after the carriage of the goods was entered upon, and when they had reached the town of Rocky Mount, defendant company was fully informed of all the special circumstances calling for prompt delivery, and with that knowledge had negligently failed to forward the goods from Rocky Mount, or some intervening point, to their destination, and it was held that the evidence tending to establish these facts was competent on the question of damages.

But in the present case the damages in our opinion have been properly restricted whether the suit be treated as in contract or tort, there being no evidence offered that the railroad had any knowledge of plaintiff's purpose in going to Franklinville at the time she bought her ticket or took passage in the train at Sanford.   Nor is there any evidence that the railroad was at any time informed of the purpose of plaintiff's journey in time to have corrected the alleged default or prevented the special damages claimed.   *Development Co. v. R. R.,* 147 N. C., 503.

In any aspect of the matter, therefore, plaintiff can recover only the actual damages suffered, to wit, the additional cost of her trip.   That being the only damages ordinarily to be expected from the default alleged, and there being no knowledge of any special circumstances affect-

ing the question of damages brought home to defendant in time to have prevented the additional injury complained of.

The cause, in our opinion, has been correctly tried, and the judgment is affirmed as entered.

No error.