CLARA L. YONGE v. NEW YORK LIFE INSURANCE COMPANY ET AL.

(Filed 16 June, 1930.)

**Pleadings D b: Parties B a—In this case held: personal representative of husband was necessary party and demurrer should have been sustained.**

Where a company contracts to make a loan to a husband and wife to be secured by a mortgage on lands held by them by the entireties, and the husband dies pending the making of the loan, and the wife alone brings action to recover damages for breach of the contract by the loaning company: *Held,* the personal representative of the husband is a necessary party to the action and the defendant's demurrer should have been sustained.

ADAMS, CONNOR, and BROGDEN, JJ., concurring in result.

APPEAL by defendants from *Finley, J.,* 5 November, 1929. From BUNCOMBE. Reversed.

The material allegations of the complaint are to the effect: That the plaintiff and her husband, Karyll Yonge, through the Bankers Trust and Title Insurance Company, agent of the New York Life Insurance Company, agreed to borrow from the New York Life Insurance Company $12,500, on a certain lot in Lake View Park, in Buncombe County, N. C., which they held by the entireties. A note dated 17 June, 1929, for $12,500 was executed by the plaintiff, Clara L. Yonge, and her husband, Karyll Yonge, secured by a deed in trust on the above lot, to the Central Bank and Trust Company, trustee, for the New York Life Insurance Company. The deed in trust was duly recorded in Buncombe County on 12 July, 1929, and the amount of the loan was agreed to be paid to herself and husband within the next two days. The said note and deed of trust were properly executed, acknowledged, delivered and recorded, and the contract fully consummated. That her husband died on 20 July, 1929. That the money has never been paid according to contract. "That both of which corporate defendants formally accepted said application and committed themselves to a loan of $12,500 on said property, and so notified this plaintiff; that, in consequence thereof, the said plaintiff, acting in conjunction with her husband, made certain commitments and arrangements for the expenditure of the said $12,500, all of which will be fully detailed upon the trial of this cause. . . . That she is unable at this time to specify her damages and losses in detail, but will produce proof thereof at the trial of this cause; that she estimates her damages referred to in this article of her complaint at $5,000, and hereby alleges and avers that she has been damaged to that extent, by reason of the matters and things set forth herein."

The defendants demurred: "That said complaint does not state facts sufficient to constitute a cause of action against these defendants, or either of them, in that, it appears from the face of the complaint that the plaintiff is not entitled to any of the relief demanded therein."

The other allegations of the complaint we think unnecessary to set forth from the view we take of the action. The court below overruled the demurrer. The defendants excepted, assigned error and appealed to the Supreme Court.

*Joseph W. Little for plaintiff.*
*S. G. Bernard and Alfred S. Bernard for defendant.*

CLARKSON, J. The action is for breach of contract, but it appears from the record that the agreement was made with plaintiff and her husband, Karyll Yonge. The death of the husband does not revoke the contract nor do the rights under the contract survive to the plaintiff. See *Burch v. Bush,* 181 N. C., 125. The record discloses that Clara L. Yonge and her husband, Karyll Yonge, both executed the note which was secured by deed of trust on a lot which they held by the entireties. The loan contract made by defendant was to both husband and wife and the breach concerns both. The husband is dead and the land goes to plaintiff as survivor, the husband and wife having an estate by the entireties, the loan made to both. The personal representative of Karyll Yonge is a necessary party.

"If it appears upon the complaint that there is a defect of parties plaintiff or defendant, objection is taken by demurrer, and for such defect not so appearing objection is taken by answer." McIntosh N. C. Prac. & Proc., 451; *Silver Valley Mining Co. v. Baltimore Smelting Co.,* 99 N. C., 445; *Kornegay v. Farmers', etc., Steamboat Co.,* 107 N. C., 115, 117; *Styers v. Alspaugh,* 118 N. C., 631; *Lanier v. Pullman Co.,* 180 N. C., 406.

In *Monger v. Lutterloh,* 195 N. C., at p. 279, citing numerous authorities, it is said: "The rule is too firmly embedded in our jurisprudence to need repeating, that ordinarily the amount of loss which a party to a contract would naturally and probably suffer from its non-performance, and which was reasonably within the minds of the parties at the time of its making, including such special damages as may be said to arise directly from circumstances existent to the knowledge of the parties, and with reference to which the contract was made, is the measure of damages for the breach of said contract. *Causey v. Davis,* 185 N. C., 155, 116 S. E., 401. Such was the rule laid down in the celebrated case of *Hadley v. Baxendale,* 9 Exch., 341, and this case has been consistently followed by us."

We think that the allegations of damage, to comply with the above rule is incorrect, but plaintiff can move to amend, which is addressed to the discretion of the court. Ordinarily, when the pleading is sufficient but not definite and certain, motion can be made to make the allegations made definite and certain. C. S., 537. The court has a right *ex mero motu* to direct that the pleadings shall be more explicit. *Buie v. Brown,* 104 N. C., 335; *Martin v. Goode,* 111 N. C., 288; *Allen v. R. R.,* 120 N. C., 548; *Barbee v. Davis,* 187 N. C., 78; *Power Co. v. Elizabeth City,* 188 N. C., 278.

For the reasons given, the demurrer should have been sustained by the court below.

Reversed.

ADAMS, CONNOR, and BROGDEN, JJ., concurring in result.