FEDERAL RESERVE BANK OF RICHMOND, VA., v. G. W. WHITFORD, MAMIE WHITFORD, STEPHEN WHITFORD, JOHN WHITFORD, AND N. T. WHITFORD.

(Filed 31 October, 1934.)

**1. Bills and Notes C a—**

The presumption that the possessor of a negotiable note is the holder thereof is a presumption of fact and not of law, and may be rebutted by either plaintiff's or defendant's evidence.

**2. Bills and Notes H a: Parties A a—Bank holding note as agent for collection may not maintain action on the note.**

Plaintiff Federal Reserve Bank brought suit on a note endorsed to it by the Federal Reserve Agent: "Pay to order of the Federal Reserve Bank for collection for the account of the Federal Reserve Agent." Defendant maker moved for nonsuit: *Held,* the presumption arising from possession of the note that plaintiff was the holder thereof was rebutted by plaintiff's own evidence, and as it appeared that plaintiff was not the real party in interest, C. S., 446, the motion of nonsuit was properly granted.

**3. Evidence D f—**

A party introducing a note in evidence endorsed to it as collecting agent cannot be heard to attack the endorsement.

THE Federal Reserve Bank of Richmond instituted this action before a justice of the peace on a note for $150.00 made by the defendant G. W. Whitford, payable to the First National Bank of New Bern, and endorsed by the other defendants. The defendants entered a general denial and, upon judgment being awarded the plaintiff, appealed to the Superior Court, where the cause was heard *de novo* at the May Term, 1934, of CRAVEN, by *Daniels, J.* Affirmed.

The plaintiff offered evidence tending to show: (1) that the note was executed by G. W. Whitford; (2) that it was endorsed by the other defendants; (3) that it was endorsed in blank by the First National Bank of New Bern and was rediscounted by the plaintiff Federal Reserve Bank of Richmond; (4) that it was endorsed by the plaintiff Federal Reserve Bank of Richmond and rediscounted to the Federal Reserve Agent; (5) that thereafter it was endorsed by the Federal Reserve Agent, "Pay to the order of Federal Reserve Bank of Richmond for collection for the account of Federal Reserve Agent, Oct. 10, 1929"; and (6) that the note, bearing this last endorsement, was delivered to the plaintiff, the Federal Reserve Bank of Richmond. The plaintiff also introduced evidence tending to show the dealings between the Federal Reserve Bank and the Federal Reserve Agent, to some of which evidence objections by the defendants were sustained. When the plaintiff had introduced its evidence and rested its case the defendants moved to dismiss the action and for a judgment as of nonsuit. The motion was granted and the plaintiff excepted and appealed to the Supreme Court, assigning errors.

*W. H. Lee and M. G. Wallace for appellant.*
*W. B. R. Guion and D. L. Ward for appellees.*

SCHENCK, J. We are of the opinion that his Honor was correct in granting the motion of the defendants for judgment as of nonsuit.

While, under certain conditions, it may be true, as contended in the appellant's brief, that the possession of a note creates a presumption of ownership, and thereby gives the holder thereof a *prima facie* right to maintain an action thereon, this presumption is not one of law but of fact, and may be rebutted either by the plaintiff's or the defendants' evidence; and if this presumption be rebutted by the plaintiff's own evidence, the fact of the plaintiff's possession of the note, standing alone, will not be sufficient to carry the case to the jury. The note sued on bore the endorsement "Pay to the order of Federal Reserve Bank of

Richmond *for collection* for the account of Federal Reserve Agent, Oct. 10, 1929." The plaintiff introduced this note bearing this endorsement, and therefore cannot be heard to attack it. Whatever may be the relationship existing between the Federal Reserve Bank and the Federal Reserve Agent, we think it clear that they are separate and distinct entities, and that the reserve bank held the note sued on for collection for the reserve agent. Such being the case, under the authority of *Bank v. Exum et al.,* 163 N. C., 199, and *Bank v. Rochamora et al.,* 193 N. C., 1, and numerous cases there cited, his Honor was correct in holding that the plaintiff, the Federal Reserve Bank of Richmond, was not the real party in interest and, under C. S., 446, could not maintain this action.

*Clarkson, J.,* in *Bank v. Rochamora, supra,* after calling attention to the apparent conflict between C. S., 3017, which provides that "A restrictive endorsement confers upon the endorsee the right . . . to bring any action thereon that the endorser could bring," and C. S., 446, which requires that "Every action must be prosecuted in the name of the real party in interest, . . ." says: "Construing the sections of the Negotiable Instrument Law referred to (C. S., 3017) with the section under Civil Procedure, that says every action must be prosecuted in the name of the real party in interest, we think C. S., 446, is mandatory and compelling. We think the decision of *Bank v. Exum,* 163 N. C., 199, correct in principle and founded on a just and reasonable interpretation of the statutes applicable and cognate. To say a collecting agency, because it is a bank, can sue in its own name would be to say that any attorney or any kind of collecting agent can likewise enter suit by reason of the agency. We do not think our statute allows this construction as to favoritism. The contrary construction would permit the real owner of the instrument to defeat all equities of the maker by simply turning it over to an agent for collection. 'Logic of words should yield to the logic of realities.' *Brandeis, J.,* dissenting in *Di Santo v. Penn.,* U. S. Supreme Court Opinion, 3 January, 1927."

We see no prejudicial error in his Honor's admitting the cross-examination of the plaintiff's witness referred to in the first assignment of error, or in the exclusion of certain documentary evidence set forth in the second and third assignments. If the plaintiff desired the testimony of the Federal Reserve Agent, it should have subpœnaed him as a witness or have taken his deposition.

Affirmed.