REBECCA GAYLORD BATTS AND HUSBAND, LESLIE DAVIS BATTS, AND DIANE GAYLORD SOMERVILLE, A MINOR, AND HER HUSBAND, DON SOMERVILLE, AND JUDITH ANN GAYLORD, A MINOR, SAID MINORS APPEARING BY THEIR NEXT FRIEND ISA G. JOHNSTON v. BEULAH W. GAYLORD AND WILLIAM TIMOTHY GAYLORD, A MINOR, BY HIS GUARDIAN AD LITEM BEULAH W. GAYLORD.

(Filed 12 October, 1960.)

**1. Partition § 1—**

Tenants in common are entitled to partition as a matter of right, and if actual partition cannot be made without injury to some of the tenants, they are entitled to sale for partition as a matter of right, notwithstanding the claim of the widow to dower.

**2. Partition § 9—**

A widow's right to dower does not make her a tenant in common and she is not entitled to assert a claim for improvements to the land, since such claim arises only when one tenant in common makes improvements on the common property.

**3. Same: Betterments § 1—**

A claim for betterments is available only to one who makes permanent improvements while in possession of lands under color of title believed to be good, and therefore a widow may not assert a claim to betterments in a proceeding by the heirs for partition.

**4. Partition § 9—**

Separate claims of the widow against each of three children petitioning for partition for medical and educational expenses paid out of her own funds constitute a misjoinder by her in partition proceedings, since the claim against each child is independent of the claims against the others and each child has an independent right to contest the claim.

**5. Pleadings § 8—**

A cross action must have such relation to the plaintiff's claim that the adjustment of both is necessary to a final adjudication.

**6. Partition § 9—**

Ordinarily, taxes are a lien upon land and may be treated as any other docketed judgment in partition proceedings, while insurance premiums are not a lien, but where claimant alleges that she has on hand receipts from rents more than enough to pay both, she fails to state a cause of action therefor.

APPEAL by petitioners from *Morris, J.,* February 1960 Civil Term, WASHINGTON Superior Court.

Special proceeding instituted before the clerk superior court by the petitioners, children (and spouses) of W. V. Gaylord by a former marriage, against respondents, wife and minor child by second marriage, for the purpose of having real estate owned by W. V. Gaylord

sold for partition. The minor petitioners were represented by next friend, the minor respondent by *guardian ad litem*. The petition alleges: (1) W. V. Gaylord died, intestate on April 30, 1953. Surviving were the respondent, Beulah W. Gaylord, widow, and William Timothy Gaylord, minor son. Surviving also were the following children by the first marriage: Rebecca Gaylord Batts (wife of Leslie Davis Batts), Diane Gaylord Somerville, minor, (wife of Don Somerville) and Judith Ann Gaylord, minor. (2) W. V. Gaylord at the time of his death was the owner in fee of certain lands described in the petition which descended to his above-named children as his heirs at law, subject to the dower right of Beulah W. Gaylord. (3) Each of the children owns an undivided one-fourth interest, subject to the widow's dower. (4) The lands are of such character as will not permit actual partition without damage to certain of the shares, and that sale for partition is necessary in order to make equitable division; that the value of the widow's dower be calculated and paid to her in cash from the proceeds of the sale.

The widow and the *guardian ad litem* for the minor defendant answered, admitting all allegations of the petition. The respondents, however, added the following: "And for further answer to the petition these respondents make the foregoing admissions subject to their claims against the fund arising from the sale of the property in the petition as follows:"

In substance, the allegations are: After the death of W. V. Gaylord the respondent Beulah W. Gaylord kept the three minor children by the former marriage and her own son in the home together and supported them as one family. She paid out of her own funds for the benefit of Rebecca Gaylord Batts for college expenses $1,250; for medical expenses, $144; for Diane Gaylord Somerville for college expenses, $325, and for medical expenses $41; for Judith Gaylord for medical expenses, $1,760.10. She paid taxes in the sum of $804.59, insurance in the sum of $804.59; repairs and improvements, $5,135.59, subject to a credit of $1,760 received for rents. The widow asked that she recover these amounts and the value of her dower from the fund arising from the sale, and that the amounts for college and medical expenses be charged to each child for whose benefit these expenses were incurred.

Petitioners demurred to respondent's claim upon four grounds: (1) The allegations do not contain facts sufficient to support a claim for betterments or improvements in that ownership under color of title believed to be good is not alleged, and neither tenancy in common nor permanent character of improvements is alleged. (2) Ad-

vancements to the children are not alleged to have been for necessities. (3) The claim shows on its face the expenditures were made for minor members of the family by the respondent widow who was in possession of all the real estate and stood *in loco parentis*. (4) The claim attempts to subject the respective shares of each petitioner to a charge for sums advanced in violation of homestead laws. The claim against each child is separate and distinct from the other, and lumping them together constitutes a misjoinder of parties and causes.

. The court entered the following order:

"From an examination of the pleadings in this cause and after listening to oral arguments for the petitioners and for the respondent Beulah W. Gaylord, the Court is of the opinion that the demurrer filed herein by the petitioners should be overruled, and to that end IT IS HEREBY ORDERED AND DECREED AND ADJUDGED that the demurrer filed herein be, and the same is overruled. IT IS FURTHER ORDERED that the sale of the property described in the petition in this cause be, and the same is hereby ordered not to be held until such time as there shall be a final judicial determination of the rights of the parties with reference to the matters and things alleged in the further answer of Beulah W. Gaylord. The reason for this portion of this order restraining or enjoining the sale of the property is to the end that the rights of the minors under the Constitution may be fully and amply protected as regards their homestead exemption under the Constitution."

Petitioners excepted and appealed.

*Bailey & Bailey for petitioners, appellants.*
*Norman & Rodman for respondents, appellees.*

HIGGINS, J. This proceeding originated before the clerk superior court under the provision of Chapter 46 of the General Statutes. The petition alleges and the answer admits the four children of W. V. Gaylord are his heirs at law and that Beulah W. Gaylord is his widow, entitled to dower in the described lands. The children as tenants in common are entitled to have the lands partitioned; that actual partition cannot be had without injury to some of the shares and that a sale, therefore, should be made; the value of the widow's dower should be computed and paid to her. Under these allegations and admissions each child would be entitled to one-fourth the remainder.

Partition among tenants in common is a matter of right. *Seawell*

*v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369. If actual partition cannot be made without injury to some of the tenants, sale for partition then becomes a matter of right. *Richardson v. Barnes,* 238 N.C. 398, 77 S.E. 2d 925.

The respondent widow admits all allegations in the petition subject to her claims against the fund. It may be noted that her allegations show that she has on hand from rents $1,760 which is sufficient to discharge her claim for taxes and insurance. However, a claim for improvements to the land arises only when one tenant in common makes improvements on the common property. *Jenkins v. Strickland,* 214 N.C. 441, 199 S.E. 612; *Layton v. Byrd,* 198 N.C. 466, 152 S.E. 161. A widow's right to dower does not make her a tenant in common. *Sheppard v. Sykes,* 227 N.C. 606, 44 S.E. 2d 54. A claim for betterments is only available to one who makes permanent improvements while in possession of lands under color of title believed to be good. *Pamlico County v. Davis,* 249 N.C. 648, 107 S.E. 2d 306; *Pritchard v. Williams,* 176 N.C. 108, 96 S.E. 733; G.S. 1-340. Both improvements and betterments arise from equitable principles. The widow, therefore, cannot assert either claim in this proceeding. The widow's claim or cause of action against each of the three children for expenses is a separate, independent, and distinct claim from the others. Two of these children are still minors. The widow's attempt to combine the causes of action is a misjoinder. "The cross action must have such relation to the plaintiff's claim that the adjustment of both is necessary to the full and final determination of the controversy. *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555. This means that it must be so interwoven in plaintiff's cause of action that a full and complete story as to the one cannot be told without . . . the other." *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614. "Matters set up by the cross bill or cross complaint in an action for partition must relate to, and be connected with, the matters involved in the original bill or complaint, and to the relief sought in the original bill, and it cannot be used to seek relief as to matters not involved in the original bill." 68 C.J.S., Partition, § 95d.

Each child has an independent right to contest the claim of the widow. If the dispute involves issues of fact, either party is entitled to a jury trial.

We have discussed taxes and insurance as falling in the same category only for the purpose of showing that in this particular case the widow has not stated a cause of action for the payment of either due to her allegation she had on hand receipts from rents more than enough to pay both. Ordinarily taxes on hand are a lien

upon land and may be treated as any other docketed judgment. Insurance premiums are not a lien.

We conclude that the matters which the widow seeks to set up do not properly arise in this special proceeding. The Court should have sustained the demurrer to the counterclaims or cross action and should have remanded the proceeding to the clerk superior court for appropriate orders. Nothing said herein is intended to preclude the widow from asserting in a proper forum any claim she may have against any party hereto. The judgment overruling the demurrer is

Reversed.