CLARENCE L. MORTON, JR., CHARLES A. DIGGS AND CARROLL D. OGLESBY, JOINTLY AND AS ASSIGNEES v. EUGENE P. THORNTON AND ELIZABETH P. THORNTON, PARTNERS, TRADING AS THORNTON SALES SERVICE.

(Filed 23 May 1962.)

**1. Master and Servant § 9;    Parties § 2—**

Failure of an employer to pay his employees the compensation to which they are entitled under the contract of employment gives rise to separate causes of action by each employee against the employer, even though the contracts of employment are identical, and one unpaid employee cannot authorize another employee to bring action for the unpaid wages of both, since each action must be maintained by the real party in interest. G.S. 1-57.

**2. Same; Assignment § 1—**

A claim for unpaid wages is assignable, and an assignee may maintain an action thereon in his own name together with an action on the assignee's own claim for unpaid wages; if the assignment by some of the employees is to other employees jointly, all the assignees must be parties and recover in their joint right, G.S. 1-70, while if the assignment is not to such employees jointly, the assignees may not maintain a common action against the employer.

**3. Appeal and Error § 2—**

Where, on appeal from order overruling demurrer for misjoinder of parties and causes, it is impossible to tell from the allegations of the complaint whether plaintiffs were joint assignees so as to be entitled to maintain a joint action on the claims assigned, the Supreme Court, in the exercise of its supervisory jurisdiction, will remand the cause to the end that plaintiffs may move for permission to amend to make the complaint specific and definite.

APPEAL by defendants from *Johnston, J.,* February 5, 1962 Regular Civil Term of GUILFORD (Greensboro Division).

*Sapp and Sapp by Armistead W. Sapp for plaintiff appellees.*
*York, Boyd & Flynn by C. T. Boyd for defendant appellants.*

RODMAN, J. This appeal presents this procedural question: Do the causes of action stated in the complaint all belong to plaintiffs jointly, or are some owned by plaintiffs severally?

The answer must be found by interpreting the language selected by plaintiffs to warrant a judgment for the sum sought.

Notwithstanding the provisions of our statute (G.S. 1-122) requiring a plain and concise statement of the facts on which the claim for relief is founded, we have experienced difficulty in stripping the complaint of seemingly superfluous allegations. Giving the complaint the liberal construction required (G.S. 1-151), we reach the conclusion that plaintiffs base their claim for relief on these facts: (1) Named defendants are partners trading as Thornton Sales Service. (2) Named plaintiffs and others were employed by the partnership as salesmen during the years 1957, 1958, and 1959. Each of defendants' salesmen was assigned a specific territory. The contracts between the partnership and its salesmen were identical in form, obligating the partnership to pay to each salesman a fixed proportion of the commissions received by the partnership for the sales made by each employee in his assigned territory. (3) During the years in question all employees of the partnership earned $21,252.94 more than defendants paid all of its salesmen.

The complaint also contains allegations that while working for de-

fendant the persons named in sec. XVI of the complaint, quoted here-after, were also employed by TRU-FAX Corporation, a corporation owned and controlled by defendants. We do not understand plaintiffs to contend that any of the parties named in sec. XVI of the complaint were entitled to recover any sums from defendant partnership for services rendered to the TRU-FAX Corporation because it was owned and controlled by the individual partners.

Sec. XV of the complaint reads: "Plaintiffs have demanded that commissions due them and the other salesmen named be paid for the sales made for the defendants in the MADE-RITE program in the territories assigned. Defendants have failed and refused and still fail and refuse to comply with the terms of their agreement and contract with the plaintiffs and those other salesmen named above. They have breached their contract with the plaintiffs and those other salesmen and have unjustly enriched themselves and exploited the services performed by these plaintiffs and those other salesmen referred to and have retained for themselves commission and income which, by their agreement, they were due and obligated in law and good conscience to pay to the plaintiffs and the other named salesmen."

Sec. XVI of the complaint reads: "The defendants owed December 1, 1958, by reason of the matters and things hereinabove alleged the following sums to the following salesmen:

| | |
|---|---:|
| "Clarence L. Morton, Jr. | $ 3,077.91 |
| Charles A. Diggs | 53.26 |
| Carroll D. Oglesby | 1,415.84 |
| R. R. Ballew | 499.77 |
| Gerald W. Bos | 522.96 |
| Larry M. Gray | 269.94 |
| W. L. Helms | 615.60 |
| Glen Richard Kent, Jr. | 266.73 |
| Charles R. Mitchell | 612.74 |
| George G. Norton | 716.52 |
| James G. Sims, Jr. | 995.10 |
| J. B. Timmerman | 404.40 |
| Claude E. Weldon | 377.77 |
| C. Fraiser Whatley | 24.55 |
| Hugh S. Wheaton | 254.34 |
| TOTAL DUE | $10,107.43 |

"Plaintiffs Clarence L. Morton, Jr., Charles Diggs and Carroll D. Oglesby are the owners and assignees of all the above listed claims. The assignments are in writing, and the plaintiffs individually and

jointly are entitled to recover of the defendants Eugene P. Thornton and Elizabeth P. Thornton, individually, severally and jointly, and as partners, trading as Thornton Sales Service, the full sum of $10,107.43, together with interest thereon from the first day of December, 1958, until paid."

A contract of employment gives rise to an action when breached by nonpayment of wages due the employee. Even though all employees work under identical contracts, a failure to pay the wage earned creates a right of action in each unpaid employee. A failure to pay all employees does not give rise to a single action in which all employees may join. *Batts v. Gaylord,* 253 N.C. 181, 116 S.E. 2d 424; *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Weaver v. Kirby,* 186 N.C. 387, 119 S.E. 564. A single tortious act may produce separate and distinct causes of action which cannot be joined. *Campbell v. Power Co.,* 166 N.C. 488, 82 S.E. 842. One unpaid employee cannot authorize another such employee to bring an action for the unpaid wages due both. Plaintiff must be the real party in interest. G.S. 1-57; *Federal Reserve Bank v. Whitford,* 207 N.C. 267, 176 S.E. 584; *Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555.

A claim for unpaid wages is a chose in action which may be assigned and, when assigned, the assignee may maintain an action thereon in his own name. G.S. 1-57. The assignor, having parted with his title, has nothing left which will support an action by him. *Lipe v. Bank,* 236 N.C. 328, 72 S.E. 2d 759; *Vaughan v. Davenport,* 157 N.C. 156.

The claim for unpaid wage due an employee can be joined in one action with similar claims assigned to that plaintiff employee. If the claims are assigned to joint assignees, all assignees must be parties and recover in their joint right. G.S. 1-70; *Threadgill v. Faust,* 213 N.C. 226, 195 S.E. 798; *Yonge v. Ins. Co.,* 199 N.C. 16, 153 S.E. 630.

Whether there is a misjoinder of parties and causes of action depends upon the facts. When secs. XV and XVI are read together, we are unable to say with any degree of assurance that it is alleged or intended to be alleged that Morton, Diggs, and Oglesby assigned their individual claims, and that all fifteen claims were held by Morton, Diggs, and Oglesby as joint assignees. The title of the cause designating them not as joint assignees but "jointly and as Assignees," the allegation that they "are the owners and assignees of all the above listed claims," coupled with the allegation in the same paragraph that "the plaintiffs individually and jointly are entitled to recover," implies, if it does not allege, that Morton, Diggs, and Oglesby never assigned their individual claims. On the other hand, there are allegations from which it can be inferred that these three did assign their individual claims.

It is alleged that the assignments are in writing, but they are not made part of the complaint. If attached to and made a part of the complaint, doubt as to what the factual situation is would be removed.

Because of the uncertainty as to the meaning which should be given the language plaintiffs used, we, in the exercise of our supervisory capacity, vacate and set aside the judgment appealed from and remand the cause to the Superior Court of Guilford County. Plaintiffs may there move the court for permission to amend the complaint to make it specific and definite. When the amendment has been made, defendants may file such pleadings as they may be advised.

Judgment vacated　　Cause remanded.