LILLIE L. COATS, Widow; CHARLIE WINSTON LANGDON and Wife, SHIRLEY S. LANGDON; THOMAS H. LANGDON and Wife, VIRGINIA N. LANGDON; MARY FRANCES L. FINCH and Husband, TRAVIS FINCH; VICTOR LLOYD LANGDON and Wife, GENEVA W. LANGDON; ROSCOE H. LANGDON v. PEGGY L. WILLIAMS, Minor; and Husband, MARVIN WILLIAMS; CHRISTINE L. BYRD, Minor, and Husband, BOBBY BYRD; DAVID BRUCE LANGDON, a Minor, and BOBBY RAY LANGDON, Minor.

(Filed 29 April, 1964.)

**1. Partition § 3—**

A petition for partition is subject to demurrer under the ordinary rules governing pleadings.

**2. Dower § 3—**

Nothing else appearing, a widow is entitled to dower in each tract of land of which her husband died seized. G.S. 30-5.

**3. Partition § 1—**

The existence of the widow's dower right does not preclude partition, and the widow may join in the petition and have her dower allotted or the present cash value of her dower paid her. G.S. 46-15.

**4. Same—**

A tenant in common has the right to insist that each tract owned by them be partitioned in one transaction, either by actual partition or by partition sale if actual partition cannot be had without injury to some of the tenants.

**5. Partition § 3—**

The petition alleged that the widow had agreed that she would renounce her dower right in one tract of land in consideration of the conveyance by some of the tenants of their interest in another tract, and prayed for sale for partition of the first tract. The petition failed to allege clearly the respective interests of each party in each tract or the extent to which the agreement between the widow and some of the tenants had been executed. *Held:* Order sustaining demurrer of the guardian *ad litem* for a minor tenant for failure of the petition to allege that actual partition could not be fairly made if both tracts were sold, is upheld.

APPEAL by petitioners from *Phillips, E.J.,* November 1963 Session of JOHNSTON.

This is a special proceeding for a partition sale of a tract of land in Elevation Township, Johnston County, containing 18 acres. The hearing below was on the demurrer of respondents Williams to the petition.

Petitioners' allegations, summarized except when quoted, are as follows:

Charles V. Langdon died intestate April 2, 1953, seized and possessed of said 18-acre tract and of a tract in Cleveland Township, Johnston County, containing 33.2 acres.

He was survived by his wife, Lillie L. Coats, and nine children. The widow and five of the children, to wit, Charles Winston Langdon, Mary Frances L. Finch, Thomas H. Langdon, Victor Lloyd Langdon and Roscoe H. Langdon, all of age, are petitioners. Four of the children, to wit, Peggy L. Williams, Christine L. Byrd, David Bruce Langdon and Bobby Ray Langdon, are respondents. Peggy L. Williams is twenty years of age. Her husband, Marvin Williams, is twenty-one. Christine L. Byrd is eighteen years of age. Her husband, Bobby Byrd, is twenty. David Bruce Langdon is sixteen years of age. Bobby Ray Langdon is thirteen.

The widow and nine children own said 18-acre tract as tenants in common. Each child owns an undivided one-ninth interest subject to the widow's dower.

The petition alleges "the said Lillie L. Coats, widow, does hereby agree with the parties to this petition that in lieu of her dower in the tract of land described in Paragraph 1 above (the 18-acre tract), that she will and does renounce her right to dower" in said 18-acre tract

"provided that the children of Charles V. Langdon, who are of age, will convey to her their respective interests in the 33.2 acre tract"; that "the parties to this petition who are *sui juris* have done so"; and that, simultaneously with the execution and delivery of the commissioner's deed, she will execute a quitclaim deed to the purchaser.

The nature and size *of the 18-acre tract* "is such that an actual partition thereof cannot be made without injury to the several persons interested therein."

Petitioners pray that the 18-acre tract be sold and the net proceeds "divided among the said tenants in common in the proportions of their several interests therein."

The record does not show the appointment of a guardian *ad litem* for respondent Peggy L. Williams. The record shows attorneys for respondents Williams filed a demurrer to the petition. The demurrer asserts the petition does not allege facts sufficient to constitute a cause of action in that the petition does not allege that an actual partition may not be fairly made if *all* the lands owned by the tenants in common are taken into consideration.

The clerk of the superior court overruled said demurrer. Upon appeal by respondents Williams, Judge Phillips "set aside, vacated and reversed" the order of the clerk and sustained the demurrer of respondents Williams. However, his judgment sustaining the demurrer did not dismiss the proceeding. It was ordered that "the petitioners may amend their petition within 30 days if they are so advised."

By order dated October 19, 1963, the clerk appointed L. Austin Stevens guardian *ad litem* for respondents Christine L. Byrd and husband, Bobby Byrd, David Bruce Langdon and Bobby Ray Langdon. No answer, demurrer or other pleading has been filed in behalf of said minors by their guardian *ad litem.* An order was entered by Judge Phillips, simultaneously with the entry of his judgment sustaining the demurrer of respondents Williams, providing: "Now, therefore, for cause shown above, the respondent, L. Austin Stevens, Guardian Ad Litem, is hereby given 30 days after the certification of the judgment of the Supreme Court to the Superior Court of Johnston County in which to file answer, if the same is necessary."

Petitioners excepted to said judgment of Judge Phillips sustaining the demurrer of respondents Williams and appealed.

*E. V. Wilkins for petitioner appellants.*
*Lyon & Lyon for respondent appellees.*

BOBBITT, J. "General rules of pleading as to demurrers ordinarily apply as to the grounds for demurrer to a bill, complaint, or petition for

partition." 68 C.J.S., Partition § 97(b); 40 Am. Jur., Partition § 71; McIntosh, N. C. Practice and Procedure, § 910(2).

The facts alleged in the petition disclose: Subject to the widow's *right of dower,* each of the nine children acquired an undivided one-ninth interest in the 18-acre and in the 33.2-acre tracts.

The widow's right of dower is "a fixed and vested right of property in the nature of a chose in action—the right to demand an assignment of dower." *Trust Co. v. Watkins,* 215 N.C. 292, 294, 1 S.E. 2d 853. Here there has been no assignment of dower to the widow. Unless and until dower is assigned, both tracts, nothing else appearing, are subject to the widow's right of dower. G.S. 30-5; *Harrington v. Harrington,* 142 N.C. 517, 55 S.E. 409.

Tenants in common are entitled as a matter of right to partition or to a partition sale if actual partition cannot be made without injury to some of the tenants. *Batts v. Gaylord,* 253 N.C. 181, 116 S.E. 2d 424, and cases cited. Too, a widow, in respect of her right of dower, may join in the petition. G.S. 46-15; *Baggett v. Jackson,* 160 N.C. 26, 76 S.E. 86.

The purport of petitioners' allegations seems to be that the widow, on the one hand, and the five children who are petitioners, on the other hand, have entered into an agreement whereby the widow renounces her right of dower *in the 18-acre tract* in consideration of their convey-ance to her of their respective interests in the 33.2-acre tract. The allegations are indefinite, indeed somewhat contradictory, as to the extent, if any, the alleged agreement has been executed. Too, the petition is silent as to the widow's claim and right of dower in respect of the 33.2-acre tract.

The four children who are respondents are not parties to the alleged agreement. Consequently, petitioners may assert against said respondents only rights to which they are entitled under the law.

The petition discloses affirmatively that the sole purpose of the special proceeding is to sell the 18-acre tract and divide the proceeds equally among the nine children. The petition and prayer contemplate no action whatever with reference to the 33.2-acre tract.

"The authorities seem to agree that tenants in common cannot, *as a matter of right,* have partial partition of the lands owned by them, and that when only a part of the land is described in the petition the defendant may allege that there are other lands owned in common and have them included in the order of partition. 30 Cyc., 177; *Brown v. Lynch,* 21 Am. St., 473; *Bigelow v. Littlefield,* 83 Am. Dec., 484." *Luther v. Luther,* 157 N.C. 499, 73 S.E. 102; see also, 40 Am. Jur., Partition § 32; 68 C.J.S., Partition § 55(b)(1).

　Here, the petition discloses that parties to this proceeding are the owners of the two tracts. Even so, under petitioners' allegations the facts as to the respective interests of the parties in each tract are unclear. Suffice to say, the facts alleged are insufficient to show that petitioners are entitled to a partition sale of the 18-acre tract. In the absence of all relevant facts, we deem it inappropriate to discuss the extent, if any, ultimate decision may be based upon *Luther v. Luther, supra.*

　The judgment of Judge Phillips sustained the demurrer of respondents Williams but did not dismiss the proceeding. Petitioners were granted leave to amend. In our view, this judgment was correct and is affirmed.

　Since the record does not show the appointment of a guardian *ad litem* for respondent Peggy L. Williams, we assume she was of age when the demurrer was filed.

　Affirmed.