IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1010

Filed 7 May 2024

Mecklenburg County, No. 22 CVS 8566

GABBIDON BUILDERS, LLC and LEONARD GABBIDON, Qualifier, Petitioners,

GABBIDON CONSTRUCTION, LLC and LEONARD GABBIDON, Qualifier, Petitioners,

v.

NORTH CAROLINA LICENSING BOARD FOR GENERAL CONTRACTORS, Respondent.

Appeal by petitioners from order entered 24 May 2023 by Judge Karen E. Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 March 2024.

*Banks Law, PLLC, by F. Douglas Banks, for petitioners-appellants.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by A. Grant Simpkins and Anna Baird Choi, for respondent-appellee.*

ZACHARY, Judge.

This case arises from various complaints submitted to the North Carolina Licensing Board for General Contractors ("the Board") regarding Petitioners Gabbidon Builders, LLC, Gabbidon Construction, LLC, and Leonard Gabbidon, which are alleged to have acted in violation of the North Carolina General Statutes regulating general contractors in this State. Petitioners appeal from the superior

court's order (1) affirming the Board's final decisions revoking the building licenses of Petitioners Gabbidon Builders, LLC, and Gabbidon Construction, LLC, and (2) revoking Petitioner Leonard Gabbidon's ability to act as a qualifying party. After careful review, we affirm.

## I. Background

Gabbidon Builders, LLC, is a South Carolina limited liability company registered to do business in North Carolina; Leonard Gabbidon "is the [r]egistered [a]gent and corporate member" of Gabbidon Builders. Gabbidon Construction, LLC, is a North Carolina limited liability company; Leonard Gabbidon "is the registered agent and member" of Gabbidon Construction. In order to be licensed to engage in general contracting in the State of North Carolina, an applicant must identify an associated individual who has passed the general contractor examination; this individual is referred to as a "qualifier" or a "qualifying party[.]" N.C. Gen. Stat. § 87-10(b) (2023). Leonard Gabbidon is the qualifying party for Gabbidon Builders and Gabbidon Construction.

On 22 December 2021, the Board issued a notice of hearing against Gabbidon Builders and Leonard Gabbidon in which it alleged "gross negligence, incompetency and/or misconduct in the practice of general contracting" in violation of N.C. Gen. Stat. § 87-11(a). On 1 February 2022, the Board issued an amended notice of hearing against Petitioners Gabbidon Construction and Leonard Gabbidon, again alleging "gross negligence, incompetency and/or misconduct in the practice of general

contracting" as well as "fraud or deceit in obtaining a license" in violation of N.C. Gen. Stat. § 87-11(a). Both matters were scheduled to come on for a single hearing before the Board on 20 April 2022.

Prior to the hearing, the Board subpoenaed a number of witnesses to "appear and testify" before the Board at the hearing. On 14 April 2022, the Board notified counsel for Petitioners that "[s]everal of the Board's witnesses" would be "appearing virtually." Upon Petitioners' request, on 18 April 2022, the Board identified five of its subpoenaed witnesses who would be making virtual appearances.

On 19 April 2022, Petitioners moved to exclude virtual testimony in both matters. Petitioners' motions were heard by the Board at the commencement of the hearing on 20 April 2022. The Board denied the motions, and proceeded with the hearing.

On 27 April 2022, the Board entered its final decisions, in which it (1) revoked the licenses of Petitioners Gabbidon Builders, LLC, and Gabbidon Construction, LLC; (2) revoked Petitioner Leonard Gabbidon's ability to act as a qualifying party for an applicant for a license to practice general contracting; and (3) assessed costs of $30,000 against Petitioners in each matter.

On 26 May 2022, Petitioners filed petitions for judicial review of both final decisions with the Mecklenburg County Superior Court. In each case, Petitioners raised various arguments challenging the admission of virtual testimony, among other issues. On 18 July 2022, the Board filed a motion to consolidate the matters,

which the superior court granted on 29 September 2022.

On 12 April 2023, the consolidated matters came on for hearing in Mecklenburg County Superior Court. On 24 May 2023, the superior court entered an order affirming the Board's final decisions. Petitioners timely filed notice of appeal.

## II. Discussion

Petitioners advance several arguments on appeal, all of which stem from the same basic concern: that the Board committed reversible error by "allowing the virtual testimony of witnesses who failed to comply with subpoenas." We disagree.

## A. Standard of Review

Under the Administrative Procedure Act ("APA"), the superior court's scope of review of an agency final decision is limited:

> The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>
> > (1) In violation of constitutional provisions;
> >
> > (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
> >
> > (3) Made upon unlawful procedure;
> >
> > (4) Affected by other error of law;
> >
> > (5) Unsupported by substantial evidence admissible under [N.C. Gen. Stat. §] 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b).

The APA also provides two different standards of review, depending on the type of error asserted:

> In reviewing a final decision in a contested case, the court shall determine whether the petitioner is entitled to the relief sought in the petition based upon its review of the final decision and the official record. With regard to asserted errors pursuant to subdivisions (1) through (4) of subsection (b) of this section, the court shall conduct its review of the final decision using the de novo standard of review. With regard to asserted errors pursuant to subdivisions (5) and (6) of subsection (b) of this section, the court shall conduct its review of the final decision using the whole record standard of review.

*Id.* § 150B-51(c).

"A party to a review proceeding in a superior court may appeal to the appellate division from the final judgment of the superior court as provided in [N.C. Gen. Stat. §] 7A-27." *Id.* § 150B-52. "The scope of review to be applied by the appellate court under this section is the same as it is for other civil cases." *Id.* "Appellate review of a judgment of the superior court entered upon review of an administrative agency decision requires that the appellate court determine whether the [superior] court utilized the appropriate scope of review and, if so, whether the [superior] court did so correctly." *Ingram v. N.C. State Bd. of Plumbing, Heating & Fire Sprinkler Contr'rs*, 269 N.C. App. 476, 480, 839 S.E.2d 74, 77 (2020) (citation omitted).

In this appeal, Petitioners assert only errors of law.[1] Accordingly, the de novo standard of review is appropriate. N.C. Gen. Stat. §§ 150B-51(c); -52.

When conducting de novo review, "the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Herron v. N.C. Bd. of Exam'rs for Eng'rs & Surveyors*, 248 N.C. App. 158, 165, 790 S.E.2d 321, 327 (2016) (cleaned up). "In cases reviewed under [N.C. Gen. Stat. §] 150B-51(c), the [superior] court's findings of fact shall be upheld if supported by substantial evidence." N.C. Gen. Stat. § 150B-52.

## B. Analysis

As a threshold matter, we recognize that the superior court properly utilized the de novo standard of review when considering Petitioners' law-based challenges to the Board's final decision. We therefore proceed to our de novo review of the superior court's order for the asserted errors of law.

Petitioners argue on appeal that the Board deprived them of due process by allowing subpoenaed witnesses to appear virtually. "The fundamental premise of procedural due process protection is notice and the opportunity to be heard. Moreover, the opportunity to be heard must be at a meaningful time and in a meaningful manner." *Peace v. Emp. Sec. Comm'n*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (cleaned up). Further, "the exact nature and mechanism of the required procedure

---

[1] Petitioners asserted additional fact-based errors below, but they do not raise these issues in their brief on appeal, and those issues are therefore abandoned. *See* N.C.R. App. P. 28(b)(6).

will vary based upon the unique circumstances surrounding the controversy." *Id.*

The APA provides that "[i]n preparation for, or in the conduct of, a contested case subpoenas may be issued and served in accordance with" Rule 45 of the Rules of Civil Procedure. N.C. Gen. Stat. § 150B-39(c). Rule 45, in turn, provides that a subpoena shall contain "[a] command to each person to whom it is directed to attend and give testimony[.]" *Id.* § 1A-1, Rule 45(a)(1)(b). In addition, the Board's regulations provide procedures for the issuance of "subpoenas for the attendance and testimony of witnesses[.]" 21 N.C. Admin. Code 12A.0827(a) (2023). Petitioners thus argue that "the Board's procedures required the subpoenaed witnesses to appear" and that Petitioners "clearly had the right to confront and cross-examine each witness in person."

However, Petitioners provide no citation to authority in support of their contention that a subpoenaed appearance must be "in person." The superior court correctly recognized that, while "there are no procedures for virtual testimony[,]" the Board's regulations and Rule 45 neither provide for *nor prohibit* witnesses from testifying virtually.

The APA also provides:

> Hearings shall be conducted in a fair and impartial manner. At the hearing, the agency and the parties shall be given an opportunity to present evidence on issues of fact, examine and cross-examine witnesses, including the author of a document prepared by, on behalf of or for the use of the agency and offered into evidence, submit rebuttal evidence, and present arguments on issues of law or policy.

N.C. Gen. Stat. § 150B-40(a). "In the case at bar, there is no dispute that the Board complied with the above-stated statutory requirements, providing proper notice and an opportunity for [Petitioners] to be heard at the formal hearing." *Farber v. N.C. Psychology Bd.*, 153 N.C. App. 1, 7, 569 S.E.2d 287, 293 (2002), *appeal withdrawn*, 357 N.C. 163, 579 S.E.2d 577 (2003).

The superior court found as fact that "Petitioners received notice of the hearings before the Board and the opportunity to be heard" and that "Petitioners had the opportunity to cross-examine every witness[ ] and indeed did cross-examine [three of the] witnesses who appeared virtually[.]" Petitioners even acknowledge in their brief that they "were still afforded the opportunity to cross-examine the witnesses[.]"

Nonetheless, Petitioners posit that the fact that they had "the opportunity to cross-examine the witnesses" cannot serve as the basis for "excus[ing] the Board's willingness to allow its own witnesses to avoid lawfully issued subpoenas and the corresponding disregard of the required procedures that govern the hearings of the Board." In response, the Board correctly observes that "[t]here is no provision in [Rule 45], North Carolina statute, or case law, that allows a party to challenge the validity of, or compliance with, a subpoena for witnesses that were not subpoenaed for the complaining party's case-in-chief." Indeed, our Supreme Court has occasionally reminded appellants that each party bears the burden of subpoenaing witnesses that it wishes to make appear and testify. *See, e.g.*, *Hamlin v. Hamlin*, 302 N.C. 478, 482, 276 S.E.2d 381, 385 (1981) ("If [the] plaintiff desired to call [the] defendant as a

witness she should have had a subpoena issued for him or asked for an order of the court requiring him to be present."); *Fed. Reserve Bank v. Whitford*, 207 N.C. 267, 269, 176 S.E. 584, 585 (1934) ("If the plaintiff desired the testimony of the Federal Reserve Agent, it should have subpœnaed him as a witness or have taken his deposition.").

So, too, here: if Petitioners' case were so reliant upon the *in-person* testimony of these virtual witnesses—each of which Petitioners had the opportunity to cross-examine at the hearing—then Petitioners themselves should have subpoenaed these witnesses. This is particularly so if, as Petitioners assert, allowing witnesses to testify virtually would prejudice Petitioners to the point of a due-process deprivation. As counsel for the Board argued to the superior court, the Board could have released its witnesses from its subpoenas, or "told witnesses they don't have to come or appear virtually at all," and Petitioners would have had "no redress" in that event.

As previously stated, it is beyond dispute that Petitioners had sufficient notice and opportunity to be heard at the hearing before the Board. That the Board did not compel its witnesses to appear in the manner that Petitioners preferred is not a concern that rises to the level of a deprivation of Petitioners' right to due process. Petitioners' argument is overruled.

### III.  Conclusion

In its order on appeal, the superior court utilized the appropriate standard of review, and did so properly. Therefore, we affirm the superior court's order affirming

the final decisions of the Board.

AFFIRMED.

Judges WOOD and THOMPSON concur.